289 So.2d 719 (1974)
Rayfield MOORE, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
No. 44248.
Supreme Court of Florida.
February 6, 1974.
Rayfield Moore, in pro. per.
Robert L. Shevin, Atty. Gen., and Enoch J. Whitney, Asst. Atty. Gen., for respondent.
DEKLE, Justice.
By petition for writ of habeas corpus, Petitioner Moore seeks review in this Court of respondent's denial of parole to him alleging that Respondent Commission improperly considered petitioner's prior convictions in determining not to grant him parole, and that such prior convictions are invalid in that they were rendered while petitioner was without assistance of counsel. Treating the petition as one for mandamus, pursuant to Art. V, § 2(a), Fla. Const., F.S.A., we issued our alternative writ. Respondent has now filed a motion to quash and to deny the petition, asserting that the remedy sought is improper in that the granting or denial of parole is a discretionary matter, hence not within the bounds of application of a writ of mandamus. We deny the motion.
Respondent is correct in its contention that a writ of mandamus will not lie to compel the granting of parole, such being a matter within respondent's discretionary powers under F.S. §§ 947.13 and 947.16(2), F.S.A. Marsh v. Garwood, 65 So.2d 15 (Fla. 1953). This Court cannot command that an officer perform an act unless it is his duty to perform it. State v. Chancey, 129 Fla. 194, 176 So. 78 (1937).
*720 However, this contention misses the mark. Although perhaps inartfully worded, the intent of our alternative writ was to require respondent to show cause why it should not be compelled to reconsider the eligibility of petitioner for parole without consideration of the aforementioned prior convictions, not to compel the granting of parole. While there is no absolute right to parole, there is a right to a proper consideration for parole. And this should be free from the consequences of a conviction not meeting the standards of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963); Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The Parole Commission is required, as any other body, to comply with constitutional requirements; it cannot deny parole upon illegal grounds or upon improper considerations. It is answerable in mandamus if it does.
Petitioner contends that a denial of parole based on his "invalid" convictions in fact causes him to suffer anew from the prior violations of his Sixth Amendment rights, citing the somewhat analogous cases of Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), and Mitchell v. Wainwright, 308 F. Supp. 436 (D.C.Fla. 1969). Petitioner is entitled to have the question of his eligibility for parole determined upon evidence which passes constitutional muster.
In short, the alternative writ does not direct itself toward the issue of whether parole should be granted to the petitioner, but to the issue of whether certain matters were and should have been considered by respondent in its denial of parole to the petitioner. The writ itself, if it be granted after respondent has responded to the alternative writ, would not command the respondent's discretion, but rather would compel the respondent to exercise its discretion as to the granting or denial of parole without consideration of the aforementioned convictions.
Accordingly, the motion is denied and respondent is directed to file its response to the alternative writ within 20 days of the filing of this opinion.
It is so ordered.
CARLTON, C.J., and ERVIN, BOYD and McCAIN, JJ., concur.
ROBERTS and ADKINS, JJ., dissent.

Supplemental Opinion
Response to our alternative writ of mandamus has now been filed; it appears therefrom that in determining whether or not to grant parole to petitioner, the respondent did not in fact consider petitioner's prior convictions not meeting the standards set forth in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), as petitioner contended that respondent had done. Rather, in evaluating petitioner for parole, the respondent considered certain independent admissions of petitioner to representatives of respondent and of the Florida Division of Corrections as to prior criminal conduct. Petitioner's conviction for which he is serving his present sentence was considered but there he was represented by counsel and plead guilty.
The writ is accordingly
Discharged.
ADKINS, C.J., and ROBERTS, ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.