307 So.2d 258 (1974)
William Michael LYDEN, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 74-1037.
District Court of Appeal of Florida, Second District.
September 12, 1974.
William Michael Lyden, pro se.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for respondent.
MANN, Chief Judge.
This is one of a series of petitions following in the wake of Brumit v. Wainwright, *259 Fla. 1973, 290 So.2d 39, and Voulo v. Wainwright, Fla. 1974, 290 So.2d 58. In other cases we have transferred such petitions to the Circuit Court for Leon County, where the office of respondent Wainwright is located. We do not take the authority of the Supreme Court to issue writs of mandamus against state officers[1] as exclusive. It appears to us that orderly procedure would require that these matters be brought initially to the attention of a Circuit Judge in the appropriate county.
However, under the allegations of this petition which the respondent admits to be correct, Lyden may be entitled to immediate release. Consequently, we retain jurisdiction over this petition for writ of mandamus, treating it alternatively as a petition for habeas corpus, which is plainly within our jurisdiction.[2]
The response of Mr. Wainwright as Director of the Division of Corrections asserts that Brumit and Voulo are clearly erroneous, a proposition which is clearly irrelevant because these decisions are clearly binding. The response also asserts that jurisdiction lies elsewhere. In the view we take of the matter, since there appears ground for issuance of a writ of habeas corpus as well as a peremptory writ of mandamus, we issue the latter as incident to the complete exercise of our jurisdiction.
For the guidance of those who may seek similar relief in the future, it is our judgment that such petitions ought to be filed in the Circuit Court for Leon County.
The peremptory writ of mandamus is hereby issued requiring respondent to recompute the time which the petitioner is required to serve, in accordance with Brumit v. Wainwright and Voulo v. Wainwright, supra. In the interest of orderly procedure, we withhold issuance of the writ of habeas corpus until respondent has had a reasonable opportunity to recompute the time remaining on petitioner's sentence. A report of such recomputation shall be submitted to this court within seven days of this date.
McNULTY and GRIMES, JJ., concur.
NOTES
[1] Fla. Const. Art. V, § 2.
[2] Fla. Const. Art. V, § 4(b) (3).