383 So.2d 1166 (1980)
James SMITH, Jr., Petitioner,
v.
Maurice G. CROCKETT, Chairman, the Florida Parole & Probation Commission, and William F. Rouse, Superintendent of the Dade Correctional Institution, Respondents.
No. 80-1012.
District Court of Appeal of Florida, Third District.
June 3, 1980.
James Smith, Jr., in pro. per.
Michael H. Davidson, Gainesville, for respondents.
Before SCHWARTZ, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The petitioner, presently incarcerated at the Dade Correctional Institution, within this District, seeks a writ of habeas corpus, alleging that he is, and has been since January 8, 1980, illegally detained by Respondent Rouse, the Superintendent of the Correctional Institution, as a result of the action of Crockett, as Chairman of the Florida Parole & Probation Commission.[1] Specifically, Smith says that under the Rules of the Department of Parole & Probation Commission, Florida Administrative Code Rule 23-19.01 et seq. (commonly known as the parole guidelines), he was entitled to be released on parole on January 8, 1980, but that the Commission departed from the recommended matrix and postponed his release date for twelve months. The Commission's stated justification for this departure was the aggravating circumstance that the offense for which petitioner stood convicted was "committed with a firearm."
The guidelines do provide that an aggravating factor which the Commission can use to postpone parole release is that the offense involved the use of a firearm. Fla. Admin. Code Rule 23-19.03(1)(a)1. However, petitioner claims that a decision exceeding the guidelines is prohibited under Florida Administrative Code Rule 23-19.03, which states in pertinent part: "If the aggravating ... factor is included within the definition of the crime (e.g., armed robbery by definition involves the use of a firearm or dangerous weapon), ... such aggravating ... factor[s] shall not be applicable."
The second-degree murder information upon which Smith (who was convicted of the lesser offense of manslaughter) stood trial, charged that he killed the victim by shooting him with a pistol. Smith contends that this charge brings him within the ambit of Rule 23-19.03, supra. We disagree. The use of a firearm or dangerous weapon, that is, the aggravating factor, is not included *1167 within the definition of second-degree murder or manslaughter. Therefore, this factor can be legitimately used to enlarge the time before the petitioner will be released on parole.
Accordingly, the petition for writ of habeas corpus is denied.
NOTES
[1] We observe that the custodian of the petitioner and therefore the proper respondent is Louie L. Wainwright, Secretary, Department of Corrections, State of Florida. Because of the fundamental nature of a petition for writ of habeas corpus, we will treat it as though the respondent had been correctly named. See Woods v. Cochran, 131 So.2d 5 (Fla. 1961).