405 So.2d 768 (1981)
Betty Jean HARDY, Appellant,
v.
B.A. GREADINGTON, Chairman, et al., Appellees.
No. 81-353.
District Court of Appeal of Florida, Fifth District.
November 4, 1981.
*769 E. Summers Sheffey, Dade City, for appellant.
No appearance for appellees.
ORFINGER, Judge.
In a petition for habeas corpus filed in the trial court, appellant contended that she was being illegally detained because the Parole and Probation Commission (Commission) had improperly aggravated her presumptive parole date by using elements which, by definition, constitute the very offense for which she was convicted. The trial court denied the petition on the ground that appellant's remedy, if any, was not by habeas corpus, but by application for post-conviction relief or by appeal.[1] This appeal followed.
While a petition for writ of habeas corpus was considered and then denied in Smith v. Crockett, 383 So.2d 1166 (Fla. 3d DCA 1980), where a similar challenge was asserted, it would appear that the more appropriate remedy is mandamus, where as here, it is asserted that the public official is not following the law or established guidelines. While the granting or withholding of parole is discretionary,
[t]he Parole Commission is required, as any other body, to comply with constitutional requirements; it cannot deny parole upon illegal grounds or upon improper considerations. It is answerable in mandamus if it does.
Moore v. Florida Parole and Probation Commission, 289 So.2d 719, 720 (Fla. 1974).
Appellant had been convicted as an accessory after the fact to the murder of her husband. In determining to aggravate her presumptive release date, the Commission found that in attempting to cover up the murder of the husband committed by the boyfriend, appellant had attempted to clear up large amounts of blood and skull fragments[2] to prevent detection of the scene of the crime. Appellant says that this finding is part and parcel of the conviction as an accessory after the fact,[3] and that under section 23-19.03 of the Rules of the Commission, an aggravating factor cannot be used it it is included within the definition of the crime.
Section 23-19.03(1)(a)(4) of the Commission's Rules contemplates, as an aggravating factor that "[t]he offense involved exceptionally brutal or heinous behavior indication [sic] of wanton cruelty." This factor is not necessarily included within the definition of accessory after the fact, any more *770 than "shots fired" is included within the definition of armed burglary[4] or use of a firearm is included within second degree murder,[5] and we find no abuse of the Commission's discretion in determining to extend the release date using this factor here.
Since the decision to extend appellant's release date was within the Commission's discretion, it is not subject to review in the absence of any violation of a statute or a rule of procedure. The order appealed from is
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] While not stated, we assume this part of the order to mean "appeal" from the determination of the presumptive release date.
[2] The murder was apparently committed by sharp blows to the victim's head, thereby shattering his skull.
[3] Section 777.03, Florida Statutes (1979) says:

Whoever, not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity or affinity to the offender, maintains or assists the principal or accessory before the fact, or gives the offender any other aid, knowing that he had committed a felony or been accessory thereto before the fact, with intent that he shall avoid or escape detection, arrest, trial or punishment, shall be deemed an accessory after the fact, and shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
[4] Baker v. Florida Parole & Probation Commission, 384 So.2d 746 (Fla. 1st DCA 1980).
[5] Smith v. Crockett, 383 So.2d 1166 (Fla. 3d DCA 1980).