407 So.2d 1044 (1981)
John H. ROBERSON, Appellant,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Appellee.
No. 81-2171.
District Court of Appeal of Florida, Third District.
December 29, 1981.
*1045 Bennett H. Brummer, Public Defender, and Rory S. Stein, Asst. Public Defender, for appellant.
Rosa H. Carson and Catherine L. Dickson, Tallahassee, for appellee.
Before SCHWARTZ, BASKIN and DANIEL S. PEARSON, JJ.
SCHWARTZ, Judge.
Roberson, a state prisoner incarcerated in this district, claims that his presumptive parole release date was erroneously based upon false information contained in his pre-sentence investigation and has filed an administrative appeal from that determination pursuant to Section 120.68, Florida Statutes (1979)[1] and Fla.R.App.P. 9.110. We hold that no such proceeding may be maintained and therefore dismiss the appeal.
In our view, this result is required by the clear terms of that portion of Section 120.52(10)(d) which states that
Prisoners as defined in s.944.02(5) shall not be considered parties for the purposes of obtaining proceedings under s.120.54(16) or s.120.57...[2]
The definition contained in Section 120.57 itself, in turn, plainly encompasses the proceeding which results in the fixing of a presumptive parole date  about which the appellant complains but from which he is excluded by Section 120.52(10)(d). Section 120.57 is entitled "Decisions which affect substantial interests," and specifically states that "[t]he provisions of this section shall apply in all [e.s.] proceedings in which the substantial interests of a party are determined by an agency." It cannot be gainsaid that this exactly fits the parole date determination. And, since Roberson is not a party to the Section 120.57 proceeding, by an application of the most basic rules of logic and law he cannot be a party entitled to appeal under Section 120.68 from an adverse order in that proceeding.
We acknowledge the obvious fact that this conclusion is directly contrary to Daniels v. Florida Parole & Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981).[3] While we admire its erudition, we do not believe that Daniels may be squared with the clear meaning of the pertinent statutes. It seems to be based upon the conclusion that, although the parole-date-fixing process is one which culminates in agency action adversely affecting a prisoner's rights for *1046 120.68 appellate purposes, it does not fall under 120.57, which specifically and directly includes it. Instead, it is classified by the first district so as to avoid the effect of 120.52(10)(d) as another, unnamed, penumbral action subject to the APA but not to 120.57.[4] We cannot agree to this sort of result-oriented definitional process.
For these reasons, we dismiss the appeal without prejudice to Roberson's assertion of any other remedies which may be available to him.[5]
Appeal dismissed.
NOTES
[1] 120.68 Judicial review. 

(1) A party who is adversely affected by final agency action is entitled to judicial review... .
(2) Except in matters for which judicial review by the supreme court is provided by law, all proceedings for review shall be instituted by filing a petition in the district court of appeal in the appellate district where the agency maintains its headquarters or where a party resides. Review proceedings shall be conducted in accordance with the Florida Appellate Rules.
[2] Sec. 120.54(16) involves the so-called "draw out" rulemaking process to be conducted under Sec. 120.57.

As the first district noted in Daniels v. Florida Parole & Probation Commission, 401 So.2d 1351, 1355, n. 6 (Fla. 1st DCA 1981), prisoners remain unexcluded from several types of proceedings provided by the APA, e.g., Sec. 120.54(3)-(6), 120.57. They may therefore also secure appellate review of adverse determinations in those proceedings  but obviously not one under Sec. 120.57  pursuant to Sec. 120.68.
[3] We are informed that the supreme court has issued an order to show cause in the prohibition proceeding instituted by the commission in the Daniels case. Florida Parole & Probation Commission v. District Court of Appeal, First District, State of Florida, Case no. 61,210, filed September 22, 1981.
[4] With the greatest respect, we cannot help being reminded of the manner in which the fabled Elders of Chelm dealt with a similar problem. Faced with a shortage of sour cream required for a traditional holiday dish, they enthusiastically adopted the suggestion of one of their number who stated:

Let us make a law that water is to be called sour cream and sour cream is to be called water. Since there is plenty of water in the wells of Chelm, each housewife will have a full barrel of sour cream.
Of course this led to another difficulty.
That Pentecost there was no lack of `sour cream' in Chelm, but some housewives complained that there was a lack of `water.' But this was an entirely new problem, to be solved after the holiday.
I.B. Singer, When Shlemiel Went to Warsaw & Other Stories (1968).
[5] We recognize that, in this as in so many instances, the delineation of the remedy largely determines the right. Our holding that there is no appellate review of Roberson's complaint that the commission considered false evidence which he was not permitted to cross-examine under Chapter 947 procedure, as he would under 120.57, means that no such privilege exists. See Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). (One criticism of the Daniels case is that, by permitting review under 120.68, it necessarily grants rights  such as those to the contents of a final order required by 120.59, see 401 So.2d 1356, n. 10  which the legislature meant to preclude by 120.52(10)(d). See note 4, supra).

Moreover, since there is no allegation of the violation of a clear legal right which would support a mandamus action, see Moore v. Florida Parole & Probation Commission, 289 So.2d 719 (Fla. 1974), cert. denied, 417 U.S. 935, 94 S.Ct. 2649, 41 L.Ed.2d 239 (1974); Daniels v. Florida Parole & Probation Commission, supra, at 401 So.2d 1352-53, it would seem that the only means by which Roberson's complaints may be redressed would be (when the issue becomes timely by virtue of his being otherwise entitled to release) by habeas corpus either in the trial court or in the appropriate district court, perhaps with the appointment of a commissioner to resolve the factual issues. See Hardy v. Greadington, 405 So.2d 768 (Fla. 5th DCA 1981); Smith v. Crockett, 383 So.2d 1166 (Fla. 3d DCA 1980).
It should be added that Roberson should have been given the opportunity to challenge any known misstatements in the p.s.i. before sentencing. Eutsey v. State, 383 So.2d 219, 226 (Fla. 1980). If he was not or if any falsities were discovered thereafter, a motion under Fla. R.Crim.P. 3.850 to vacate the sentence might well be available.