PER CURIAM.
Florida Parole and Probation Commission moves to dismiss this appeal on the grounds that the notice of appeal was not timely filed.
*821 On December 3, 1981, the Commission entered its final order establishing appellant’s presumptive parole release date. In accordance with Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1 DCA 1981), appellant timely filed a notice of appeal on December 28,1981. The notice stated that appellant was appealing to the Third District Court of Appeal. On December 29,1981, the Third District issued its opinion in Roberson v. Florida Parole and Probation Commission, 407 So.2d 1044 (Fla. 3d DCA 1981), holding that an appeal pursuant to § 120.68 may not be taken from the Commission’s final order establishing a presumptive parole release date. On January 11, 1982, the Third District issued an order dismissing Logan’s appeal, citing to Roberson, supra. Immediately thereafter, appellant filed another notice with the Commission stating he appealed to the First District Court of Appeal and that he “would re-file this appeal in the appropriate court of appeal, First District, as directed by Roberson, supra.” Appellant also filed a third notice, entitled “Amended Notice of Appeal”, seeking review in this Court.
The question is whether the second and third notices, which were not filed within 30 days of the final order, should be considered as amendments to the original notice, which was timely filed, and thus provide this Court with appellate jurisdiction.
The Florida Rules of Appellate Procedure provide that (1) “[i]f a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court”, Fla.R.App.P. 9.040(b); (2) “[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought ... ”, Fla.R.App.P. 9.040(c); and (3) “[a]t any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits”, Fla.R.App.P. 9.040(d). These provisions, based on Article V, Section 2(a), of the Constitution of the State of Florida, are meant to ensure that no person is deprived of the right to have his cause heard due to technical traps in pleadings or procedure. Of course, the provisions are not meant to excuse the failure to comply with the rules of procedure and they cannot be invoked to vest jurisdiction in a court when the jurisdictional prerequisites have not been met.
In this case, appellant fully complied with the appellate rules of procedure. He fulfilled the jurisdictional prerequisite by timely filing his notice of appeal in the lower tribunal. He clearly indicated that he sought review of the Commission’s order setting his presumptive parole release date. However, he also clearly indicated that he was invoking the jurisdiction of the Third District Court of Appeal. It was not until the Third District acted on his appeal that Logan attempted to file a notice directed to this Court.
Although we sympathize with appellant’s plight, we must dismiss this appeal. This case does not involve a defect in the notice of appeal which is subject to correction by amendment. See, e.g., Ratner v. Miami Beach First National Bank, 362 So.2d 273 (Fla.1978); Bowen v. Bowen, 352 So.2d 166 (Fla. 1 DCA 1977). The notice of appeal was not defective. The notice was directed to the Third District Court of Appeal and jurisdiction over this cause vested in that court. Appellant cannot now attempt to invoke the jurisdiction of this Court by amending his original notice simply because he was not satisfied with the disposition of his appeal by the Third District. Although the appellant could have originally appealed to this Court or the Third District, having picked the forum, appellant was bound by its decision and could seek relief from that decision only by the appropriate appellate process. Cf., Jenkins v. Wainwright, 322 So.2d 477 (Fla.1975).
Therefore, the Commission’s motion is granted and this appeal is DISMISSED.
IT IS SO ORDERED.
ROBERT P. SMITH, Jr., C. J., and McCORD and BOOTH, JJ., concur.