418 So.2d 1095 (1982)
James Lamont TAYLOR, Petitioner,
v.
Louie L. WAINWRIGHT, etc., et al., Respondent.
No. 82-866.
District Court of Appeal of Florida, Fifth District.
August 6, 1982.
Rehearing Denied September 2, 1982.
James Lamont Taylor, pro se.
*1096 Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The petitioner, James Lamont Taylor, has filed an original petition for habeas corpus asserting that he is entitled to immediate release from the custody of respondent, Louie L. Wainwright, Secretary of the Department of Corrections of Florida. He attributes his illegal detention to an erroneous computation by the Florida Parole and Probation Commission of his presumptive release date.
According to the sworn petition, Taylor was charged with two counts of sexual battery, both counts under section 794.011(5), Florida Statutes, and one count of kidnapping under section 787.01. He pleaded no contendere to one count of sexual battery and was sentenced to prison for a term of fifteen years on June 5, 1979.
On April 22, 1980, the petitioner interviewed with a parole examiner, a Mr. Paul Rigsby, for the purpose of determining a presumptive parole release date.[1] Rigsby determined the matrix time range by locating the offense severity factor and the salient factor on the matrix. Petitioner's salient factor was "one," and Rigsby set the offense of conviction at a severity rating of "Greatest Most Serious  II."[2] According to the guidelines in effect in April, 1980, given the above severity rating and salient factor, the matrix time range was 83 to 107 months. Mr. Rigsby arrived at this matrix time range and added 13 months for an aggravating circumstance in petitioner's instance.[3]
On May 21, 1980, the Parole and Probation Commission agreed with Mr. Rigsby's recommendation and set petitioner's presumptive parole release date as May 3, 1988. Later Mr. Rigsby requested petitioner's presumptive parole release date be reduced by 24 months, but the Commission held that the date would remain at May 3, 1988. The Commission denied petitioner's request for review of his presumptive parole release date as untimely.
In his petition, Taylor asserts that Rigsby erroneously placed the offense of conviction in the "Greatest Most Serious II" category. Petitioner was sentenced to serve fifteen years for the offense of sexual battery, which in the information was sexual battery charged under section 794.011(5), sexual battery with force not likely to cause personal injury. The parole guidelines in effect in April, 1980, provided an offense severity rating for this offense as "Very High." The matrix time range for this rating, coupled with petitioner's salient factor of "one," was 18 to 24 months. This range, plus the 13 months for the aggravating circumstance, establishes a total time of *1097 38 months. The petitioner has already served over 49 months, well past the correct presumptive parole release date.
The respondents herein, Louie L. Wainwright as Secretary of the Department of Corrections and Jim Smith as Attorney General, in response to the petition have filed an unsworn "Motion to Dismiss or, Alternatively, to Substitute Proper Party" contending:
(1) That Wainwright and Smith, as non-voting members of the Florida Parole and Probation Commission, are not proper parties of this action;
(2) That petitioner has failed to exhaust his administrative remedies;
(3) That petitioner "has not shown by affidavit or evidence the probable cause to believe that he is detained without lawful authority necessary for issuance of the writ sought herein"; and
(4) That the proper party-respondent in this case would be the Florida Parole and Probation Commission rather than Smith and Wainwright.
We first address items (1) and (4) raised by respondents relating to the proper party or parties to this cause. The Third District Court of Appeal has recognized habeas corpus as a proper method of challenging the validity of a presumptive parole release date where, as in the instant case, the prisoner claims his entitlement to immediate release. Jenrette v. Wainwright, 410 So.2d 575 (Fla. 3d DCA 1982); Smith v. Crockett, 383 So.2d 1166 (Fla. 3d DCA 1980); cf. Lyden v. Wainwright, 307 So.2d 258 (Fla. 2d DCA 1974).
In Jenrette, which was a habeas corpus proceeding, the issue essentially was the same as in the instant case, and only Wainwright was named as respondent. The latter moved to dismiss on the ground that Jenrette had failed to exhaust his administrative remedies. This was denied. An oral argument was held before the appellate court on the petition and response, and the court found that the actual allegations in Jenrette's affidavit supporting his petition had to be taken as true because Wainwright had failed to controvert them. The court noted that the Attorney General, who was representing Wainwright in that case, as in the instant case, has ready access to any records which would have refuted Jenrette's affidavit, which dealt with the method by which the Florida Parole and Probation Commission had computed his presumptive parole release date (just as does Taylor's sworn petition in the instant case). See, e.g., State v. Coney, 294 So.2d 82 (Fla. 1974). The Jenrette court, in this regard, stated that it was dilatory for the respondent Wainwright to merely assert that Jenrette's affidavit was insufficient. It is clear that the court considered that the Secretary of the Department of Corrections, represented by the Attorney General, had full access to any Commission records and Commission witnesses necessary to controvert, and adequately defend against, Jenrette's petition for writ of habeas corpus. Moreover, it is fundamental that the person to be named as a respondent in a habeas corpus action is the person holding custody and who is in a position to produce the petitioner physically. See 28 Fla. Jur. 2d, Habeas Corpus, § 96 and cites cited thereunder.
In Hardy v. Greadington, 405 So.2d 768 (Fla. 5th DCA 1981) this court reviewed on appeal a trial court's denial of a petition for habeas corpus which contended that the Parole and Probation Commission had improperly computed the petitioner's presumptive parole release date, and affirmed on the merits. In that case we noted a similar challenge in Smith v. Crockett, supra, and stated:
[I]t would appear that the more appropriate remedy is mandamus, when as here, it is asserted that the public official is not following the law or established guidelines.
Hardy also observed that, whereas the granting or withholding of parole is discretionary, the Parole Commission cannot deny parole upon illegal grounds or improper consideration, else it is answerable in mandamus, citing the Florida Supreme Court case of Moore v. Florida Parole and Probation Commission, 289 So.2d 719, 720 (Fla. *1098 1974) for this proposition. Nevertheless, the Hardy opinion reached the merits of the actions of the Commission and determined the appeal adversely to the argument of the appellant; it did not dismiss the appeal nor did it affirm the trial court on the rationale that the petitioner had utilized the incorrect procedural device below.
In Moore the petitioner filed an original petition for writ of habeas corpus with the Florida Supreme Court seeking review of the Parole Commission's denial of his parole, alleging it was based upon improper consideration. The court treated the petition as one for mandamus. The respondent Commission moved to quash the petition on the ground that the discretionary aspect of parole placed it beyond the bounds of mandamus review, and that motion was denied. The court then held that while there was no absolute right to parole, there is a right to a proper consideration for parole free from the taint of illegal or improper grounds. "Petitioner is entitled to have the question of his eligibility for parole determined upon evidence which passes constitutional muster." Moore, 289 So.2d at 720. We note that a petitioner is also entitled to have that question determined in conformity with statutory mandates.
The Supreme Court in Moore directed the Commission, the only named respondent in that case, to file its response. This was done, and the Commission made a satisfactory showing that it had not in fact considered improper matters in arriving at its decision and the alternative writ was discharged.
In the same year that Moore was decided, the Second District Court of Appeal considered an original petition for writ of mandamus which named only Louie L. Wainwright, Director, Division of Corrections, as respondent. Lyden v. Wainwright, supra. The court observed that in other cases it had transferred such petitions to the Circuit Court of Leon County where Wainwright's office is located on the basis that it is more orderly procedure to have such matters brought initially in the circuit court of the appropriate county. No mention is made of the absence of the Parole Commission as a party to the mandamus proceeding, despite the fact that the issue was the computation of time that petitioner was required to serve. Observing that under the allegations of the petition Lyden possibly was entitled to immediate release, the court retained jurisdiction over the petition, treating it alternatively as a petition for habeas corpus, "which is plainly within our jurisdiction." Lyden at 259, citing Art. V, § 2, Fla. Const.
Since the Moore and Lyden decisions, the Florida Legislature has enacted the "Objective Parole Guidelines Act of 1978" with an effective date of July 1 of that year. See Ch. 947, Fla. Stat. (1981). It was in this context that Jenrette was decided, and it is on this basis that we must consider the instant petition of Taylor and response of his custodian.
We hold, therefore, that the proper party respondent in this action for habeas corpus relief is Louie Wainwright, as Secretary of the Department of Corrections, not the Parole Commission as would be the case if the petition had been styled or treated as one seeking a writ of mandamus  in which event, the proper respondent would be the Commission and we would transfer this action to Leon County. See Lyden, supra. The naming of the Attorney General in the petition as a party does not alter the issues presented; we merely strike him as an unnecessary party in this cause.
In regard to the second issue raised by the response (Wainwright's motion to dismiss is the only response to this Court's order to show cause), we acknowledge that exhaustion of administrative remedies is a prerequisite to a petition for writ of habeas corpus. Section 120.68(1) of the Administrative Procedure Act states: "A party who is adversely affected by final agency action is entitled to judicial review." The Commission's establishment of a presumptive parole release date is a final agency action. Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981). In the petitioner's instance, the Commission has established his presumptive *1099 parole release date. In fact, petitioner requested the Commission to review his date, which request was denied. Therefore, petitioner has exhausted his administrative remedies in this case.
The third issue raised by the respondent is refuted by the jurat at the conclusion of Taylor's petition. The factual allegations of that petition, therefore, are accepted as true. See § 79.01, Fla. Stat. (1981); Velluci v. Cochran, 138 So.2d 510 (Fla. 1962); and Coleman v. State Ex Rel. Race, 118 Fla. 201, 159 So. 504 (1935).
Accordingly, we grant the writ and order the respondent, Louie Wainwright, as Secretary of the Department of Corrections, to forthwith release the petitioner, James Lamont Taylor, from custody subject to the standard provisions of parole in such cases.
PETITION GRANTED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Presumptive parole release date  In April, 1980, Chapter 23-19 of the Florida Administrative Code controlled the determination of the presumptive parole release date. First, a "salient factor score" was computed under Rule 23-19.04; this score was based upon numerous values which were assigned to various categories relevant to the inmate (i.e., prior parole revocations, prior convictions, length of time previously served in prison, etc.). Second, the offense of conviction is located on a scale established by the commission, the offense ranging from "Low" (least serious) to "Greatest" (most serious). Specific ranges of months to be served for each crime were established in the matrix, with the number of months included in each range dependent upon the salient factor score. Third, a specific term within the appropriate range was fixed. This term could be aggravated beyond the maximum number of months or mitigated below the minimum number of months based on appropriate factors. Rule 19.03, Florida Administrative Code.
[2] Only two offenses were within the category of "Greatest Most Serious  II": Murder II and Sexual Battery likely to cause serious harm. Sexual battery was separated into offense severity categories according to the seriousness of the sexual battery as determined under section 794.011, the sexual battery statute, i.e., sexual battery where victim under eleven years  "Greatest Most Serious IV;" sexual battery with use of force likely to cause serious bodily harm  "Greatest Most Serious  II;" sexual battery with use of force not likely to cause serious bodily injury victim over eleven years  "Very High."
[3] The aggravating circumstance, that of grand theft, was listed on petitioner's objective parole worksheet.