423 So.2d 533 (1982)
Thomas A. PANNIER, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., Respondent.
No. 82-1440.
District Court of Appeal of Florida, Fifth District.
December 15, 1982.
Thomas A. Pannier, in pro. per.
Enoch J. Whitney, Gen. Counsel, Florida Parole & Probation Commission, Tallahassee, for respondent.
COBB, Judge.
The petitioner, Pannier, seeks habeas corpus relief, alleging in his petition that the Florida Parole and Probation Commission (FPPC) has illegally added an aggravation factor in determining his presumptive parole release date. He contends that the Commission originally established his presumptive parole release date without any aggravating factors, and thereafter added such a factor without a written statement *534 as required by section 947.172(3), Florida Statutes (1981), and without good cause, contrary to section 947.173(3). Pannier argues that the only explicitly stated exceptions to the binding effect of a presumptive parole release date, once set, are: (1) institutional misconduct and (2) new information not available at the time of the initial interview. See Jenrette v. Wainwright, 410 So.2d 575 (Fla. 3d DCA 1982). As Pannier computes his time, excluding consideration of the aggravation time, he maintains he should have been paroled more than four months ago and is entitled to the issuance of a writ of habeas corpus.
This court ordered a response to the petition. That response has not come from Louie Wainwright, as custodian of the petitioner, but from the FPPC, together with a motion from the Commission to be joined in the cause as an indispensable party. For reasons hereinafter explicated, we grant the motion for joinder and consider the proffered response from the FPPC.
The FPPC response notes that Pannier previously has enjoyed full appellate review of the action by the FPPC which he seeks to challenge here by habeas corpus. See Pannier v. FPPC, No. XX-207 (Fla. 1st DCA Nov. 10, 1981). We would be justified in denying the instant petition on the ground that habeas corpus cannot be used to review matters reviewed or reviewable by appeal. Hargrave v. Wainwright, 388 So.2d 1021 (Fla. 1980). Moreover, this is the second attempt at habeas corpus relief by petitioner in this court. In Pannier v. Wainwright, No. 82-1121 (Fla. 5th DCA, Sept. 1, 1982), we denied his habeas corpus petition seeking immediate relief on allegations similar to those in the instant petition. Therefore, as urged by the respondent, FPPC, this petition is barred by the principle of res judicata. See Faverbo v. Cochran, 128 So.2d 884 (Fla. 1961).
The petitioner has relied strongly on our opinion in the case of Taylor v. Wainwright, 418 So.2d 1095 (Fla. 5th DCA 1982). Therein, we granted habeas corpus review of an allegedly erroneous computation of a presumptive parole release date by FPPC and ordered release of the petitioner. In Taylor we requested a response to the sworn petition and the custodian, Wainwright, filed a motion to dismiss primarily directed to the question of proper parties. No response was forthcoming, either from the Secretary of the Department of Corrections, the named respondent, or from FPPC as an intervenor, directed to the substantive allegations of the petition. There was no negation of the factual allegations of Taylor's petition and assertion of his right to immediate release.
To the extent that Taylor may imply that the proper procedural attack upon the computation of a presumptive parole release date is by habeas corpus, we recede therefrom and reaffirm our holding in Hardy v. Greadington, 405 So.2d 768 (Fla. 5th DCA 1981), that the appropriate remedy for challenging presumptive parole release dates is by a writ of mandamus directed against the FPPC. See also Moore v. Fla. Parole & Probation Commission, 289 So.2d 719 (Fla. 1974). Habeas corpus would be the proper remedy only after an effective parole release date established pursuant to sections 947.174(6)(b) and 947.18, Florida Statutes (1981), has passed. Cf. Demar v. Wainwright, 354 So.2d 366 (Fla. 1977), cert. denied, 436 U.S. 962, 98 S.Ct. 3082, 57 L.Ed.2d 1129 (1978). We agree with the Third District that there can be no administrative appeal from the determination of a presumptive parole release date. Roberson v. Fla. Parole & Probation Commission, 407 So.2d 1044 (Fla. 3d DCA 1981).
For the foregoing reasons, the petition for writ of habeas corpus is DENIED.
ORFINGER, C.J., and COWART, J., concur.