WALDEN, Judge.
In a petition for habeas corpus the petitioner contends the Parole and Probation Commission (Commission) erred in assigning his presumptive parole release date (PPRD).
Pursuant to Rule of Appellate Procedure 9.040(c) (1982) we have elected to treat the petition for habeas corpus as a petition for writ of mandamus. See Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla.), cert. denied, 417 U.S. 935, 94 S.Ct. 2649, 41 L.Ed.2d 239 (1974); Harrisson v. Florida Parole and Probation Commission, 428 So.2d 388 (Fla. 4th DCA 1983); Pannier v. Wainwright, 423 So.2d 533 (Fla. 5th DCA 1982) and Hardy v. Greadington, 405 So.2d 768 (Fla. 5th DCA 1981).
We acknowledge that the Third District has ruled on the legality of petitioner’s sentences in Daizi v. State, 396 So.2d 1160 (Fla. 3d DCA 1981). The Florida Supreme Court’s opinion in State v. Gibson, 436 So.2d 32 (Fla.1983), indicates that there is a question regarding the legality of the petitioner’s sentences. However, the question presented by this petition is not a further challenge to the legality of the petitioner’s sentences, but rather a challenge to the use of the petitioner’s sentences within the context of the Commission’s objective parole guidelines. The petitioner is not precluded by this opinion from seeking collateral relief from his sentences.
deny the writ. The Commission may aggravate the petitioner’s PPRD for multiple offenses with concurrent sen-senSala v. Florida Parole and Proba-ProbaCommission, 414 So.2d 263 (Fla. 1st DCA 1982).[1] Therefore, the Commission did not err in aggravating the petitioner’s PPRD for his'concurrent sentence of unlaw-unlawpossession of a firearm while engaged in a criminal offense. Fla.Admin.Code Rule 23-21.10(4)(a)( l)(h).
Petition denied.
BERANEK, J., concurs.
ANSTEAD, J., dissents with opinion.

. The Commission is required by Sections 947.-172(2), (3), Florida Statutes (1981) and Parole and Probation Commission Rules, Fla.Admin. Code Rule 23-21.10 to provide the inmate with a written explanation of the factor or factors which influenced the Commission to aggravate the inmate’s term beyond the matrix time range. We note the fact that the Commission in their explanation designated that the “consecutive” sentence was considered when in fact the petitioner’s sentences were concurrent. We deem this to have been merely a misnomer in Commission’s explanation. In all other respects the Commission’s written explanation informed the petitioner of the basis for their decision with the “individual particularity” required by both the statute and administrative rules.