476 So.2d 669 (1985)
Louie L. WAINWRIGHT, et al., Petitioners,
v.
James Lamont TAYLOR, Respondent.
No. 62685.
Supreme Court of Florida.
October 3, 1985.
*670 Jim Smith, Atty. Gen., and C. Michael Barnette and Margene A. Roper, Asst. Attys. Gen., Daytona Beach, for petitioners.
No Appearance, for respondent.
EHRLICH, Justice.
This is an appeal from a district court decision to issue a writ of habeas corpus. Taylor v. Wainwright, 418 So.2d 1095 (Fla. 5th DCA 1982). We accepted jurisdiction based on apparent conflict with Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla.), cert. denied, 417 U.S. 935, 94 S.Ct. 2649, 41 L.Ed.2d 239 (1974), wherein we held that a writ of habeas corpus was the incorrect remedy for an erroneously computed presumptive parole release date. We find that the Fifth District has receded from any potential conflict on this issue:
To the extent that Taylor may imply that the proper procedural attack upon the computation of a presumptive parole release date is by habeas corpus, we recede therefrom and reaffirm our holding in Hardy v. Greadington, 405 So.2d 768 (Fla. 5th DCA 1981), that the appropriate remedy for challenging presumptive parole release dates is by a writ of mandamus directed against the FPPC. See also Moore v. Fla. Parole & Probation Commission, 289 So.2d 719 (Fla. 1974). Habeas corpus would be the proper remedy only after an effective parole release date established pursuant to sections 947.174(6)(b) and 947.18, Florida Statutes (1981), has passed.
Pannier v. Wainwright, 423 So.2d 533, 534 (Fla. 5th DCA 1982). Cf. Roberson v. Florida Parole and Probation Commission, 444 So.2d 917 (Fla. 1983).
Our concern in cases based on our conflict jurisdiction is the precedential effect of those decisions which are incorrect and in conflict with decisions reflecting the correct rule of law. Mystan Marine, Inc. v. Harrington, 339 So.2d 200 (Fla. 1976); Ansin v. Thurston, 101 So.2d 808 (Fla. 1958). We have, in the past, dismissed cases reflecting the correct rule of law, where the conflicting, incorrect cases have been eliminated as to precedential effect. Bailey v. Hough, 441 So.2d 614 (Fla. 1983) (conflicting case receded from in subsequent decision); Wackenhut Corp. v. Judges of District Court of Appeal, 297 So.2d 300 (Fla. 1974) (conflicting case reversed).
If the instant case were to reflect the correct rule of law, our task would be finished. However, as the district court appears to concede in Pannier, this case involves an incorrect rule of law. We still conclude that we should dismiss the petition pursuant to our discretionary authority. Art. V, § 3(b)(3), Fla. Const. We do so for several reasons. First, Pannier corrects the precedential effect the error in this case might have had. Second, petitioner Wainwright has consistently failed to present any argument that the outcome, Taylor's release on parole, would be any different if the error were corrected. And third, the record shows no stay of the district court's mandate, so Taylor presumably has been released pursuant to the writ. Thus, in the interests of judicial economy, we see no reason to consider a remand for proceedings which uncontestedly would achieve the outcome already accomplished.
*671 Accordingly, we dismiss the petition for review.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD and SHAW, JJ., concur.