PER CURIAM.
David Huffman appeals from the denial of his petition for writ of mandamus. We affirm.
The petition, which named the State of Florida and the local state attorney as respondents, alleged no ministerial function that respondents have refused to perform. State ex rel. Buckwalter v. City of Lakeland, 112 Fla. 200, 150 So. 508 (1933). Instead, the record reveals that Huffman’s petition actually was an attempt to vacate his 1972 conviction and life sentence for rape. This is not a proper use of the writ of mandamus.
This misnomer alone might not justify denial of Huffman’s petition. The courts do have authority to treat prisoners’ petitions as if the proper remedy has been sought. See, e.g., Daizi v. Florida Parole and Probation Commission, 436 So.2d 171 (Fla.4th DCA 1983) (habeas corpus petition challenging parole release date treated as mandamus). However, litigants will not be permitted to circumvent rules of procedure by restyling a petition as something it is not. State v. Broom, 523 So.2d 639 (Fla.2d DCA 1988). In the present case the proper vehicle for redress of Huffman’s grievances would be rule 3.850, Florida Rules of Criminal Procedure, which imposes limitations on the time for filing. Huffman alleges no circumstances which would justify his failure to submit his motion prior to January 1, 1987.
Under the circumstances of this case we see no reason to require the submission of a brief by appellee. Fla.R.App.P. 9.315(a).
Affirmed.
SCHEB, A.C.J., and FRANK and THREADGILL, JJ., concur.