PER CURIAM.
The Florida Parole Commission petitions this court for writs of prohibition, contending the respondent circuit judges lack jurisdiction to consider mandamus petitions filed by inmates who are challenging their presumptive parole release dates (PPRDs).[1] We deny relief.
Petitioner’s basic premise is that judicial review of PPRDs violates the separation of powers provision of Article II, section 3, of the Florida Constitution. That is, as section 947.18, Florida Statutes, gives the commission discretion as to which inmates are to be released on parole, petitioner contends judicial review of that determination constitutes an encroachment of the judiciary upon the executive branch. We cannot agree.
We believe Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla.1974) is controlling authority in this cause. There the court expressly held that “while there is no absolute right to parole, there is a right to proper consideration for parole.” Id. at 720.[2] The commission’s argument fails to address this legal principle and also fails to properly consider the procedural requirements of sections 947.-165, 947.172, and 947.173, Florida Statutes, in establishing PPRDs. The commission’s discretion as described in section 947.18 is not inconsistent with sections 947.165, .172, and .173, Florida Parole and Probation Commission v. Paige, 462 So.2d 817 (Fla.1985).
Accordingly, we find the commission has failed to demonstrate entitlement to the relief it seeks and we deny the petitions for writ of prohibition.
SHIVERS, C.J., and ERVIN and NIMMONS, JJ., concur.

. These arguments were presented to the circuit court by motions to dismiss in the underlying cases, and the motions were denied.

. After enactment of Florida’s Administrative Procedure Act, chapter 120, Florida Statutes, decisions on PPRDs were held to be directly reviewable in the district courts of appeal, Roberson v. Florida Parole and Probation Comm’n, 444 So.2d 917 (Fla.1983); Daniels v. Florida Parole and Probation Comm’n, 401 So.2d 1351 (Fla. 1st DCA 1981) (en banc). A 1983 amendment to the APA, however, removed that appellate jurisdiction and "the situation has reverted to that situation existing at the time of Moore; judicial review is still available through the common law writs of mandamus, for review of PPRDs....” Griffith v. Florida Parole and Probation Comm’n, 485 So.2d 818, 820 (Fla.1986). This court has held challenges to PPRDs should be first presented to the circuit court by extraordinary writ, Hansen v. Florida Parole and Probation Comm’n, 436 So.2d 349 (Fla. 1st DCA 1983).