PER CURIAM.
We grant the Florida Parole Commission’s petition for writ of certiorari and quash the circuit court’s order remanding to the Commission to reconsider its parole decision.
A decision by the Parole Commission to suspend an inmate’s presumptive parole release date and defer setting an effective parole release date can be set aside by a court only for demonstrated abuse in the exercise of the Commission’s discretion. See Fla. Parole & Prob. Comm’n v. Paige, 462 So.2d 817 (Fla.1985); see also Fla. Parole Comm’n v. Huckelbury, 903 So.2d 977 (Fla. 1st DCA 2005). An abuse of discretion may be established in various ways, including a showing that the Commission deviated from the legal requirements imposed upon it, such as the obligation to review the inmate’s complete record and to articulate the basis for its decision. Williams v. Fla. Parole Comm’n, 625 So.2d 926 (Fla. 1st DCA 1993). An abuse of discretion also occurs if the denial of parole is based upon illegal grounds or improper considerations. Id. at 937; see also Moore v. Fla. Parole & Prob. Comm’n, 289 So.2d 719 (Fla.1974). Hepe, respondent did not show that the Commission deviated from the legal requirements imposed upon it, and the record likewise fails to establish that the Commission based its decision upon illegal grounds or improper considerations. We therefore conclude that the circuit court departed from the essential requirements of law when it directed the Parole Commission to reconsider its decision.
Accordingly, the circuit court’s order is QUASHED, and this matter is REMAND *725 ED for further proceedings consistent herewith.
BARFIELD, VAN NORTWICK, and PADOVANO, JJ., concur.