PER CURIAM.
Glenn Alday seeks certiorari review of an order denying his petition for writ of mandamus. In that petition, Alday challenged the Florida Parole Commission’s action leaving intact the suspension of his presumptive parole release date, thereby effectively denying him parole. We grant the petition, quash the order denying relief, and remand for further proceedings.
The ultimate discretion to grant parole lies with the Florida Parole Commission, and a decision by the Commission to suspend an inmate’s presumptive parole release date and defer setting an effective parole release date can be set aside by a court only for a demonstrated abuse in the exercise of the Commission’s discretion. See Florida Parole & Probation Comm’n v. Paige, 462 So.2d 817 (Fla.1985). As we observed in Florida Parole Commission v. Brown, 989 So.2d 723 (Fla. 1st DCA 2008), an abuse of discretion may be established in various ways, including a showing that the Commission deviated from the legal requirements imposed upon it, such as the obligation to review the inmate’s complete record and to articulate the basis for its decision.
Among other things, Alday argued to the circuit court that the Commission deviated from legal requirements imposed upon it by its own rules when it left intact its 1993 decision suspending his PPRD and declining to authorize an EPRD. We conclude that this claim, which was not expressly addressed by the circuit court, stated a prima facie basis for relief. Rule 23-21.0155, Florida Administrative Code, provides that when the Commission suspends an inmate’s PPRD and declines to authorize an EPRD, the inmate shall continue to receive extraordinary interviews at scheduled intervals. In turn, the procedures for such extraordinary interviews are set forth in rule 23-21.0161. This rule provides that in conducting extraordinary interviews, examiners shall follow the procedures specified for conducting EPRD interviews and, additionally, shall obtain information relevant to the Commission’s previous determination that the inmate was not a good candidate for parole release. The parole examiner then reduces a recommendation to writing and forwards it to the Commission, which “shall independently review the complete official record in the inmate’s case” and thereafter inform the inmate in writing of its findings on extraordinary review. More specifically, subsection (3) of the rule provides as follows:
If, as a result of extraordinary interview, the Commission finds that the inmate continues to be a poor candidate for parole release, the Commission shall *329 again state the reasons and record support for this finding and shall again refuse to authorize an effective parole release date. Finally, the Commission shall schedule a subsequent extraordinary interview pursuant to rule 23-21.013, F.A.C. Thereafter, such extraordinary interviews shall be performed in accord with this rule and shall continue until the Commission finds the inmate to be a good candidate for parole release or he otherwise satisfies his term of incarceration.
The Commission’s February 2009 order memorializing its most recent action with respect to petitioner reflects that “a review of the entire Department of Corrections record” was undertaken. The order finds that petitioner continues to be a poor candidate for parole release, but the order does not state any reasons for this finding. The order does not incorporate by reference or otherwise re-state the reasons contained in the Commission’s prior orders suspending petitioner’s PPRD, and we reject the Commission’s contention that its unelaborated “reaffirmation” of its prior finding of a negative parole prognosis under section 947.18, Florida Statutes, is sufficient to comply with the clear requirement in rule 23-21.0161(3) that the Commission “again state the reasons and record support” for its finding that petitioner continues to be a poor candidate for parole release.
Accordingly, the order denying Alday’s petition for writ of mandamus is QUASHED and the matter is REMANDED for further proceedings consistent herewith.
BENTON, C.J., PADOVANO and WETHERELL, JJ., concur.