PER CURIAM.
Norris Hawkins seeks certiorari review of an order denying his petition for writ of mandamus. We grant the petition, quash the order denying mandamus relief, and remand for further proceedings consistent with this opinion.
This is the second time Hawkins has sought certiorari review in this court concerning the Florida Parole Commission’s failure to set forth its reasons for its most recent decision declining to grant him parole. This court previously granted Hawkins’ petition for writ of certiorari and quashed the circuit court’s order denying mandamus relief in Hawkins v. Fla. Parole Comm’n, 65 So.3d 142 (Fla. 1st DCA 2011). This matter was remanded to the circuit court for further proceedings consistent with Alday v. Fla. Parole Comm’n, 58 So.3d 327 (Fla. 1st DCA 2011).
Upon remand, the circuit court reconsidered Hawkins’ petition, but again denied mandamus relief, finding that the “Florida Parole Commission adequately stated the reasons and record support for their negative findings and decision to continue suspension of Petitioner’s Presumptive Parole Release Date.” We disagree.
As it did before, the Florida Parole Commission has conceded error, correctly admitting that
*437 “[a]lthough, as correctly observed by the lower court, the Commission did consider [four factors][1] in its latest Commission action and the Commission did provide the record it considered in said action, these factors were actually the reasons for setting Petitioner’s parole interview within five years instead of two years pursuant to Section 947.1745(6), Fla. Stat., not for the continued suspension pursuant to Section 947.18, Florida Statutes.”
The Commission thus suggests that it is appropriate for the lower tribunal to remand the matter to it so that it may set forth its reasons for denying parole. We agree.
Accordingly, the order denying Hawkins’ petition for writ of mandamus is QUASHED, and this matter is REMANDED for further proceedings consistent with this opinion and with Alday, supra.
DAVIS, VAN NORTWICK, and PADOVANO, JJ., concur.

. These factors were: (1), Hawkins' offense having involved the use of a deadly weapon; (2) the potential for Hawkins’ release to cause unreasonable risk to others; (3) an ”[e]scalat-ing or continuing persistent pattern of criminal conduct;” and (4) that Hawkins’ "offense was committed against a victim known to be particularly vulnerable such as elderly persons, physically or mentally handicapped persons or children.”