PER CURIAM.
Dorrie Thomas seeks certiorari review of an order denying a petition for writ of mandamus which challenged the Florida Parole Commission’s action of leaving intact the suspension of his presumptive parole release date (PPRD), thereby effectively denying him parole. We grant the petition for writ of certiorari, quash the order denying relief and remand for further proceedings.
The ultimate discretion to grant parole lies with the Florida Parole Commission, and a decision by the Commission to suspend an inmate’s PPRD and defer setting an effective parole release date (EPRD) can be set aside by a court only for a demonstrated abuse in the exercise of the Commission’s discretion. See Florida Parole & Probation Comm’n v. Paige, 462 So.2d 817 (Fla.1985). As we observed in Florida Parole Commission v. Brown, 989 So.2d 723 (Fla. 1st DCA 2008), an abuse of discretion may be established in various ways, including a showing that the Commission deviated from the legal requirements imposed upon it, such as the obligation to review the inmate’s complete record and to articulate the basis for its decision.
In the petition for writ of mandamus filed in the circuit court, Thomas asserted that the Commission had not complied with rules 23-21.0155 or 23-21.0161, Florida Administrative Code, and failed to articulate the basis for its decision. We conclude that this claim stated a basis for relief. See Alday v. Fla. Parole Comm’n, 58 So.3d 327 (Fla. 1st DCA 2011) (holding that the Parole Commission is required to state reasons for its finding that an inmate continues to be a poor candidate for parole release). Rule 23-21.0155 provides that when the Commission suspends an inmate’s PPRD and declines to authorize an EPRD, the inmate shall continue to receive extraordinary interviews at scheduled intervals. Rule 23-21.0155(1) states:
When an inmate’s case is referred for extraordinary review by the Commission, an order shall be prepared outlining the reason(s) for the Commission’s decision. The order shall be acted upon by the Commission within 60 days of the decision declining to authorize the effective parole release date. The Commission’s order shall specifically state the reasons for finding the inmate to be a poor candidate for parole release pursuant to Section 947.18, F.S., and shall identify the information relied upon in reaching this conclusion (emphasis added).
Rule 23-21.0161 provides that in conducting extraordinary interviews, parole examiners shall follow the procedures specified for conducting EPRD interviews and, additionally, shall obtain information relevant to the Commission’s previous determination that the inmate was not a good candidate for parole release. The parole examiner then reduces a recommendation to *519 writing and forwards it to the Commission, which “shall independently review the complete official record in the inmate’s case” and thereafter inform the inmate in writing of its findings on extraordinary review. More specifically, rule 23-21.0161(3) provides:
If, as a result of extraordinary interview, the Commission finds that the inmate continues to be a poor candidate for parole release, the Commission shall again state the reasons and record support for this finding and shall again refuse to authorize an effective parole release date (emphasis added).
In 2002, Thomas was given an EPRD interview, but the Commission was unable to find that if released, Thomas would conduct himself as a respectable and law-abiding person as required by section 947.18, Florida Statutes. The Commission voted not to authorize release and suspended the PPRD. In 2011, Thomas received an extraordinary parole release date interview and the parole examiner recommended that Thomas be considered for parole, citing his positive institutional adjustment and his lack of inmate disciplinary reports for over 10 years. The Commission’s January 2012 order memorializing its most recent action with respect to Thomas reflects that a “review of the entire Department of Corrections record” was undertaken and the Commission reaffirmed its prior negative finding under section 947.18. The order stated that the “Parole Commission still considers [Thomas] to be a risk to the public.” However, the order does not cite any record support for this finding or identify the information relied upon in reaching this conclusion as required by rules 23-21.0155 or 23-21.0161. This was an abuse of discretion. See Alday, 58 So.3d at 329.
Accordingly, the order denying Thomas’s petition for writ of mandamus is QUASHED and the matter is REMANDED for further proceedings consistent herewith.
DAVIS, PADOVANO, and THOMAS, JJ., concur.