PER CURIAM.
Jon A. Earley seeks certiorari review of the denial of his petition for writ of mandamus, in which he challenged the Florida Commission on Offender Review’s establishment of his presumptive parole release date. Among his several arguments, we find merit to one of Earley’s claims and on that basis grant his petition.
Having entered a plea of guilty to a charge of first-degree murder, Earley is serving a sentence of life imprisonment without possibility of parole for 25 years. Prior to the murder offense, Earley had pled guilty in Oklahoma to a charge of robbery with a firearm and was placed on a term of probation. Earley argues that in establishing his PPRD, the Commission *692 deviated from its own rules when it failed to score the Oklahoma conviction under the salient factor relating to “number of prior criminal convictions,” and instead utilized the conviction as an aggravating factor and assessed an additional 120 months in aggravation beyond his matrix time as determined by the objective parole guidelines.
In pertinent part, section 947.165(1), Florida Statutes (2014), provides as follows:
The commission [on offender review] shall develop and implement objective parole guidelines which shall be the criteria upon which parole decisions are made. The objective parole guidelines shall be developed according to an acceptable research method and shall be based on the seriousness of offense and the likelihood of favorable parole outcome. The guidelines shall require the
Recidivist Criminal Factor as defined Three or more prior convictions One or Two prior convictions No prior convictions
The Commission contends, however, that the “simple, plain-language structure” of the rule yields the conclusion “that if the Commission is going to assess a score, then that score for salient factor 1 must be based on the prior record; it does not state that the salient factor scoring system is the only way for the Commission to consider the inmate’s prior record.” The Commission identifies no language of the rule that supports this interpretation, nor is any apparent from our review. Instead, the plain language of the rule states that the salient factor in question “shall be calculated on the inmate’s prior record.” (emphasis added). Moreover, under the Commission’s view that it may score or not score salient factor points as it sees fit rather than based on the application of its rule to the inmate’s prior record, the pa-commission to aggravate or aggregate each consecutive sentence in establishing the presumptive parole release date. Factors used in arriving at the salient factor score and the severity of offense behavior category shall not be applied as aggravating circumstances.
Implementing the legislature’s charge to establish objective parole guidelines, the Commission adopted Florida Administrative Code Rule 23-21.007, addressing salient factor scoring. As it pertains to scoring of the salient factor relating to the number of prior criminal convictions, that rule provides as follows:
Salient factors (1) through (5) shall be calculated on the inmate’s criminal record.
(1) NUMBER OF PRIOR CRIMINAL CONVICTIONS:
= RCF
= 2 Points
= 1 Point
= 0 Points
role guidelines are no longer objective, as section 947.165 requires that they be.
The Commission correctly points out that a court reviewing its establishment of a PPRD may set it aside “only for a demonstrated abuse in the exercise of the Commission’s discretion.” Fla. Parole Comm’n v. Huckelbury, 903 So.2d 977, 978 (Fla. 1st DCA 2005). However, a deviation by the Commission from the legal requirements imposed upon it amounts to an abuse of its discretion. Id.; see also Fla. Parole Comm’n v. Brown, 989 So.2d 723 (Fla. 1st DCA 2008); Williams v. Fla. Parole Comm’n, 625 So.2d 926 (Fla. 1st DCA 1993), receded from on other grounds, Sheley v. Fla. Parole Comm’n, 703 So.2d 1202 (Fla. 1st DCA 1997). We conclude that such a deviation occurred here. Under the legal requirements im *693 posed upon the Commission, petitioner’s Oklahoma conviction should have been accounted for in his salient factor score. That being the case, it was error for the Commission to assess an additional 120 months in aggravation based on that conviction, since section 947.165(1) precludes factors used in arriving at the salient factor score from being applied as aggravating circumstances. The circuit court departed from the essential requirements of law in concluding otherwise, resulting in a manifest injustice.[1]
Accordingly, the order denying Earley’s petition for writ of mandamus is QUASHED and this cause is REMANDED to the lower tribunal for further proceedings.
PADOVANO, WETHERELL, and SWANSON, JJ., concur.

. The specific manifest injustice suffered by Earley is apparent. Had the Commission scored the conviction as part of the salient factor, thereby precluding its use as an aggravating circumstance, it would have increased petitioner's total score from 3 points to 4. However, this would not have increased petitioner’s matrix time range, which for a capital felony is 180-240 months for any score between 2 and 4 points. See Fla. Admin. Code R. 23-21.009. The Commission had already set Earley's matrix time at 240 months, the top of the range.