407 So.2d 638 (1981)
James HOLMAN, Jr., Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
No. AH-188.
District Court of Appeal of Florida, First District.
December 11, 1981.
Rehearing Denied January 7, 1982.
James Holman, Jr., pro se.
No appearance for respondent.
PER CURIAM.
In this petition for writ of mandamus, petitioner alleges that the Parole and Probation Commission improperly calculated his presumptive parole release date. In Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1 DCA 1981), this Court held that the final action of the Commission establishing a prisoner's presumptive parole release date was reviewable by direct appeal pursuant to Section 120.68, Florida Statutes (1979). One of the requirements that must be met before a writ of mandamus will issue is that no other adequate remedy exists. Shevin ex rel. State v. Public Service Commission, 333 So.2d 9 (Fla. 1976). This Court may not "... employ an extraordinary remedy to assist a litigant who has foregone an ordinary one which would have served adequately." State ex rel. Dept. of General Services v. Willis, 344 So.2d 580, 592-93 (Fla. 1 DCA 1977). Since an adequate and ordinary remedy by direct appeal is available to challenge the propriety of the Commission's action, this petition must be denied.
We note that if the date of final agency action is included in a petition and if that *639 date is within thirty days of the filing of the petition, this Court can treat the petition as a notice of appeal, see Fla.R.App.P. 9.040(c), and ultimately consider the cause on its merits. However, although petitioner alleges that the Commission reviewed his presumptive parole release date pursuant to Section 947.173, he fails to state the date of the Commission's final action.
Therefore, the petition for writ of mandamus is DENIED.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.