416 So.2d 838 (1982)
Edward J. GOBIE, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
John Edward JACKSON, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
Willie James LOGAN, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
Nos. AJ-383, AK-253 and AL-67.
District Court of Appeal of Florida, First District.
June 28, 1982.
Rehearing Denied July 26, 1982.
*839 Edward J. Gobie, John Edward Jackson and Willie James Logan, pro se.
Malcolm S. Greenfield, Gen. Counsel, and Catherine L. Dickson, Asst. Gen. Counsel, Florida Parole and Probation Com'n, Tallahassee, for respondent.
PER CURIAM.
These three cases involve the Florida Parole and Probation Commission's (Commission) invocation of § 947.18, Fla. Stat. (1981), to decline to make a presumptive parole release date (PPRD) an effective parole release date (EPRD).[1]
Section 947.18, Fla. Stat. (1981), gives the Commission ultimate discretion in deciding whether to parole an inmate by providing:
No person shall be placed on parole until and unless the commission shall find that there is reasonable probability that, if he is placed on parole, he will live and conduct himself as a respectable and law-abiding person and that his release will be compatible with his own welfare and the welfare of society.
On its face, § 947.174(6), Fla. Stat. (1981), which prescribes the procedure for making the PPRD the EPRD, indicates that the only proper criterion for consideration is whether the inmate's institutional conduct has been satisfactory. However, § 947.18 provides: "No person shall be placed on parole merely as a reward for good conduct or efficient performance of duties assigned in prison."
Section 947.18 was originally enacted by the Florida Legislature in 1941; it was adopted as part of the Objective Parole Guidelines Act in 1978, thereby reflecting a legislative intent to retain ultimate discretion in paroling an inmate with the Commission. In Payton v. United States, 636 F.2d 132, on rehearing, 649 F.2d 385 (5th Cir.1981), the Fifth Circuit interpreted a substantially similar provision in the federal objective parole statutes. That court found that the objective criteria and the provision precluding parole unless the parole board determines that the inmate "will live and remain at liberty without violating the laws" and that his "release is compatible with the welfare of society", limits the federal parole board's previously unstructured discretion in the parole decision. But see, Berry v. State, 400 So.2d 80 (Fla. 4th DCA *840 1981).[2] Further, Florida law has consistently found that there is no right to parole, even subsequent to the enactment of the Objective Parole Guidelines Act. Parole lies within the sound discretion of the Commission. Ivory v. Wainwright, 393 So.2d 542, 544 (Fla. 1980); Moore v. Florida Parole and Probation Commission, 289 So.2d 719, 721 (Fla. 1974); Arnett v. State, 397 So.2d 330, 332 (Fla. 1st DCA 1981); and Staton v. Wainwright, 665 F.2d 686, 688 (5th Cir.1982).
However, we agree with Payton, supra, and find that Florida's Objective Parole Guidelines Act has restricted the Commission's previously unbounded discretion in granting parole. The Objective Parole Guidelines Act's ultimate intent is to prevent arbitrary and capricious action by the Commission. § 947.002(1), Fla. Stat. (1981). Section 947.165(1), Fla. Stat. (1981), requires the Commission to develop and implement objective guidelines "which shall be the criteria upon which parole decisions are made." However, neither the statutes nor the Commission's rules provide guidelines concerning the invocation of § 947.18 to refuse to authorize an EPRD. In the instant cases and in the future, the Commission should explicate its reasons for its actions in a manner sufficient to permit judicial review for a determination of whether the Commission has overreached the legislative grant of discretion provided in the Objective Parole Guidelines Act.[3]
In the three cases before us, the Commission has not only invoked § 947.18 to refuse to authorize EPRDs but has also established amended PPRDs and given written reasons for its actions. Section 947.173(1), Fla. Stat. (1981), provides that an inmate may seek review of the Commission action setting his PPRD. In two of the cases before us, no § 947.173 review was sought; in the third, the review was sought but has not been answered by the Commission. We therefore, direct the Commission to grant § 947.173 reviews to these three petitioners,[4] setting forth in writing explanations for its actions. Section 947.173 reviews should be granted when the Commission acts to establish a PPRD, as in the situation presented here. We held in Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981), that inmates may appeal final agency action of the Commission pursuant to § 120.68, Fla. Stat. (1981). Accordingly, we deny these petitions, but order the Commission to grant § 947.173 reviews, should petitioners seek them.
ROBERT P. SMITH, Jr., C.J., and McCORD and BOOTH, JJ., concur.
NOTES
[1] See § 947.174(6), Fla. Stat. (1981).
[2] Both Payton and Berry involved the applicability of the doctrine of sovereign immunity and the federal and state tort claims acts to the federal and state parole boards. In Payton, the court determined that the parole board could be held liable to a private party for gross negligence in its decision to parole an inmate who was a confirmed homicidal psychotic. In Berry, the Florida court found that the Florida Parole and Probation Commission's decision to parole the inmate was sufficiently discretionary to preclude bringing a tort action against the Commission. The court expressly did "not decide the question whether the Parole and Probation Commission would enjoy immunity in all instances including, for example, the negligent parole of a prisoner in direct contravention of a legislatively crafted and judicially imposed mandatory minimum sentence." Berry, 400 So.2d 80, at 86.
[3] Section 947.172(3), Fla. Stat. (1981), and Rule 23-21.15(5), Fla. Admin. Code, require the Commission to set forth its reasons in writing when it goes outside the matrix time range in setting a PPRD and when it refuses to authorize an EPRD.
[4] We are of the opinion that the 60-day time limit in § 947.173(1), Fla. Stat. (1981), is not jurisdictional; under these circumstances, where the Commission has amended PPRDs to be set as much as 11 years beyond the previously established PPRDs, and done so no more than one month prior to the date presumed to be the parole release date, the inmates are entitled to § 947.173 reviews in order to rebut the information relied upon by the Commission to extend their PPRDs.