LARRY G. SMITH, Judge.
Moats appeals the December 4,1981 order of the Commission extending his presumptive parole release date (PPRD) from January 9, 1983 (the date established by the Commission at a meeting August 12, 1981), to July 30, 1987. Appellant urges that in extending his PPRD the Commission violated various statutory provisions which provide, essentially, that a PPRD, once established, is binding upon the Commission except for good cause in exceptional circumstances (Section 947.173(3))[1], or for reason of institutional conduct or the acquisition of new information not available at the time of the initial interview (Section 947.16(4)).[2] In defense of its actions, the Commission urges that notwithstanding its prior determination of a PPRD (which, incidentally, it modified pursuant to a Section 947.173 review, establishing a new PPRD of August 9, 1981), it retained authority to reject the PPRD previously established by it on the authority of Section 947.18, Florida Statutes.[3] We find it necessary to reverse and remand for further proceedings.
This court has recently interpreted and considered the effect of Section 947.18 in relation to the other provisions of the Objective Parole Guidelines Act, Chapter 947, Florida Statutes (1978). Gobie v. Florida Parole and Probation Commission, 416 So.2d 838 (Fla. 1st DCA 1982). The Gobie decision, while recognizing the authority of the Commission, in its discretion, to override or amend a PPRD established in accordance with the guidelines, required the Commission to explicate the reasons for- its actions “in a manner sufficient to permit judicial review for a determination of whether the Commission has overreached the legislative grant of discretion provided in the Objective Parole Guidelines Act.” Id. at 840.
Here, the Commission has “explicated its reasons” for extending petitioner’s PPRD, to an extent.[4] However, it has failed to point out, specifically, whether any of the circumstances given in explanation of its action were based on “newly acquired information” (Section 947.16(4), Rule 23-21.15(5), Florida Administrative Code), or if not, whether there was “good cause in exceptional circumstances” (Section 947.-173(3)) for the Commission’s action in establishing a PPRD beyond the date arrived at by use of the Guidelines.[5] We have noted, of course, that the Commission’s guideline-calculated date of August 9, 1981 had already passed before the meeting at which it *777 was determined (November 12, 1981). This had the effect of short-circuiting the parole release date interview procedure (Section 947.174, Florida Statutes; and Rule 23-21.-15, Florida Administrative Code), which provides for a hearing examiner to interview the inmate and recommend an effective parole release date.[6]
As above shown, the critical point at which the Commission was required to determine an effective parole release date was prematurely reached, albeit by accident rather than design. Nevertheless, it became incumbent upon the Commission to act. There appears to be no abuse of discretion in the Commission’s determination not to allow petitioner’s PPRD (already passed) to become his effective parole release date. Under the circumstances, it may be argued that the setting of a new PPRD, based upon the Commission’s inability to make the findings necessary for a parole release under Section 947.18, was the only alternative available to it. On the other hand, it may be more reasonably argued that, notwithstanding the inability to comply with the time limits prescribed for the parole release date interview (see above), both the petitioner and the Commission would have been better served, and the disposition of the case brought more closely into conformity with the statutes and the rules, if the Commission had referred the matter to a Hearing Examiner for interview and recommendations to the Commission, pursuant to Section 947.174 of the statutes, and Rule 23-21.15.
We have noted petitioner’s argument that the Commission’s action amounts to the setting of no PPRD, since his sentence will expire before arrival of the new PPRD in 1987. This fact is of no signifi-canee in itself, however, as there is no prohibition against the establishment of a PPRD beyond the inmate’s sentence expiration date.[7] It is clear that the setting of a new PPRD was error, because it was not done in accordance with the Objective Parole Guidelines Act. We concede, however, that since the PPRD actually set fell beyond petitioner’s sentence expiration date, the label attached is immaterial, and the result would have been the same had the Commission simply declined, under the authority of Section 947.18, to approve an effective parole release date for the duration of petitioner’s sentence. It is noted, further, that future parole consideration by the Commission has not been foreclosed, because the Commission has also ordered that petitioner shall be reinterviewed during the month of November, 1982, which has the effect of placing petitioner back within the guidelines.
No doubt there would have been far less confusion had the Commission utilized certain of the factors it listed in its explanation of its most recent order as aggravating factors in its initial PPRD determination. For example, petitioner’s previous parole violation is unquestionably a factor “related to likelihood of parole outcome,” and would be a “negative indicant.” Rule 23-21.10, Florida Administrative Code. Nevertheless, for unexplained reasons, the Commission failed to do so. The Commission has also failed to satisfactorily explain the basis upon which it effectively disregarded its previously established PPRD, although pri- or decisions of this court have carefully emphasized that changes are permitted “only under narrowly circumscribed conditions.” Bizzigotti v. Florida Parole and Probation Commission, 410 So.2d 1360, 1362 *778 (Fla. 1st DCA 1982), and cases therein cited. Therefore, without suggesting any further limitation on the Commission’s authority under Section 947.18 than previously expressed in Gobie, supra, it becomes necessary to reverse and remand to the Commission for further explanation of its action.
Although the result we have reached may appear to require the Commission to engage in a useless exercise, under established principles of administrative law as previously expounded by this court, nothing less will suffice.[8] This is especially so in this case where, for all the record shows, no event of any consequence occurred subsequent to the Commission’s initial determination of petitioner’s PPRD, except for his request for review under Section 947.173.[9] The very least that petitioner, and any other inmate should be entitled to, is an explanation of the Commission’s failure to notice, upon their initial review, the matters it now considers to be of such grievous nature as to nullify its previous action.
Finally, although this court denied the Commission’s motion to dismiss the instant appeal for failure to exhaust administrative remedies, that action was taken prior to the Gobie decision. We now hold, consistent with Gobie, that the petitioner is entitled to, and shall be required to seek review of the Commission’s further action prior to seeking review in this court.
ROBERT P. SMITH, Jr., C. J., and WENTWORTH, J., concur.

. See, Canter v. Florida Parole and Probation Commission, 409 So.2d 277 (Fla. 1st DCA 1982).

. See, McKahn v. Florida Parole and Probation Commission, 399 So.2d 476 (Fla. 1st DCA 1981).

. Section 947.18 “Conditions of parole” provides, in pertinent part: “No person shall be placed on parole until and unless the Commission shall find that there is reasonable probability that, if he is placed on parole, he will live and conduct himself as a respectable and law-abiding person and that his release will be compatible with his own welfare and the welfare of society.”.

. The Commission found the following circumstances sufficient to prohibit the granting of an effective parole date: Recent escape from custody (August 23, 1980); previous conviction for Willful Failure to Appear and sentence of three years; when apprehended after his August, 1980 escape, petitioner was in possession of and driving a vehicle, in the trunk of which was found a rifle with a scope, ammo clip, and unspent bullets; petitioner is a previous parole violater; petitioner has prior convictions for breaking and entering and drug charges; and petitioner also has an active commitment, and was sentenced July 30, 1979, for Possession of Controlled Substance, Ionomine.

. It is significant that the Commission, at its meeting August 12, 1981, disapproved a hearing examiner’s recommendation for a PPRD of June 8, 1982, and established appellant’s PPRD at January 9, 1983. This date became “established” in our view, within the meaning and intent of Section 947.173(3), Florida Statutes. It was only after appellant filed his request for review, under Section 947.173, that the Commission took the action complained of here. Appellant makes the assertion, which is unre-futed by the Commission in its presentation in this court, that at the time the Commission extended his PPRD to a date in 1987 it had no new information, appellant had received no disciplinary reports during his incarceration, and all of the information which was in appellant’s file at the time of the hearing was available at the time of the initial interview.

. Section 947.174(6)(a), which outlines the final steps in the process of establishing an effective parole release date, provides that sixty days prior to the presumptive parole release date, a hearing examiner shall conduct a final interview to establish an effective parole release date, and within fourteen days, a panel of no fewer than two commissioners “shall determine whether or not to authorize the effective parole release date. ...” To the same effect, see Rule 23 21.15(4), Florida Administrative Code. Subparagraph (3), of the same rule contains the additional requirement that the hearing examiner shall inform the Commission if “new information, either favorable or detrimental,” was discovered at the interview which might affect the presumptive parole release date.

. Holston v. Florida Parole and Probation Commission, 394 So.2d 1110 (Fla. 1st DCA 1981).

. Anheuser-Busch, Inc. v. Department of Business Regulation, 393 So.2d 1177 (Fla. 1st DCA 1981); McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977), appeal after remand, 361 So.2d 199.

. We do not imply that the Commission exacted a penalty for petitioner’s exercise of his right to review by extending his PPRD. However, the timing of the Commission’s decision to deny parole gives further cause for insisting upon adequate reasons for its action. See, Bizzigotti v. Florida Parole and Probation Commission, supra.