PER CURIAM.
Sturdivant, an inmate in the Florida prison system, asks this court to mandate a judge in the Circuit Court for Escambia County to rule on the merits of a petition for writ of habeas corpus against the Florida Parole and Probation Commission. The petition was denied because petitioner has an adequate remedy under the Administrative Procedure Act.
For the following reasons, we deny this petition for writ of mandamus. First, a writ of mandamus will not issue unless no ordinary remedy would be adequate. Shevin ex rel. State v. Public Service Commission, 333 So.2d 9, 12 (Fla.1976); Holman v. Florida Parole and Probation Commission, 407 So.2d 638 (Fla. 1st DCA 1982); and State ex rel. Department of General Services v. Willis, 344 So.2d 580, 592-93 (Fla. 1st DCA 1977). Sturdivant could have appealed the circuit court order. Fla.R.App.P. 9.110(b). Second, a writ of mandamus lies to compel a public officer to perform a ministerial duty. Fasenmyer v. Wainwright, 230 So.2d 129, 130 (Fla.1969); State ex rel. Glynn v. McNayr, 133 So.2d 312, 315-16 (Fla.1961); DeGroot v. Sheffield, 95 So.2d 912, 916 (Fla.1957); State ex rel. Department of Health & Rehabilitative Services v. Hartsfield, 399 So.2d 1019, 1020 (Fla. 1st DCA 1981); and Graham v. Vann, 394 So.2d 180, 182 (Fla. 1st DCA 1981). Sturdivant does not allege that respondent failed to perform his ministerial duty. In fact, respondent ruled on the petition for writ of habeas corpus, denying it for clearly legal reasons, since petitioner should have appealed the Commission’s final action to this court. Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981).
The petition for writ of mandamus is DENIED.
MILLS, ERVIN and WIGGINTON, JJ., concur.