425 So.2d 153 (1983)
William KIRSCH, Petitioner,
v.
Barbara A. GREADINGTON, Chairperson, J. Mitchell, Clerk, and Florida Parole & Probation Commission, Respondents.
No. AO-419.
District Court of Appeal of Florida, First District.
January 4, 1983.
*154 William Kirsch, pro se.
No appearance for respondents.
PER CURIAM.
Petitioner, an inmate housed in Florida State Hospital, seeks habeas corpus relief from Florida Parole and Probation Commission action, declining to authorize an effective parole release date (EPRD), § 947.174(6), and extending his presumptive parole release date (PPRD) 13 months. Kirsch alleges the action was based on a finding that he needs continued in-patient treatment for depression, suicidal thinking and hallucinations, evidenced in a June 3, 1982 psychiatric evaluation. He claims that he should have been released on parole on June 8, 1982, his originally established PPRD.

I.
In our opinion, even if the Commission action extending Kirsch's PPRD 13 months is illegal, this does not mean the inmate is entitled to immediate release from incarceration. While we are aware of conflict with other districts,[1] we are compelled *155 to follow cases which have found there is no right to parole in Florida.[2] Habeas corpus relief requires showing a right or entitlement to immediate release from custody. The Supreme Court of Florida, having treated a petition for writ of habeas corpus as one for a writ of mandamus, stated,
The writ itself ... would not command the respondent's discretion, but rather would compel the respondent to exercise its discretion as to the granting or denial of parole without consideration of [unconstitutional] convictions.
Moore v. Florida Parole and Probation Commission, 289 So.2d 719, 720 (Fla. 1974). Accordingly, habeas corpus is not an available remedy for improper action by the Commission.
Further, the placement of an inmate on parole on the date his PPRD arrives, or legally should have arrived, is not automatic. Section 947.174(6) requires the Commission, at least 46 days prior to arrival of the PPRD, to decide whether it will authorize an EPRD, a decision which appears to lie within the sound discretion of the Commission. See Gobie v. Florida Parole and Probation Commission, 416 So.2d 838 (Fla. 1st DCA 1982). Additionally, § 947.18 requires the Commission to make a finding of
reasonable probability that, if [the inmate] is placed on parole, he will live and conduct himself as a respectable and law-abiding person and that his release will be compatible with his own welfare and the welfare of society.
See Gobie, supra, and Moats v. Florida Parole and Probation Commission, 419 So.2d 775 (Fla. 1st DCA 1982). Ordering the release by habeas corpus of an inmate when his PPRD arrives or should have arrived would prevent the Commission from exercising its discretion in the parole grant process. We decline to circumvent statutorily prescribed procedures.

II.
In Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981), we recognized that the Commission's final action should be judicially reviewed under § 120.68 of the Administrative Procedure Act. The effect of this decision has been to restore to the mandamus action its original purpose of compelling a public officer to perform a ministerial duty, subject to the judicially imposed restraints of exhausting one's administrative remedies and of having no adequate legal remedy.
Thereafter, in Holman v. Florida Parole and Probation Commission, 407 So.2d 638 (Fla. 1st DCA 1982), we indicated that review of Commission action by mandamus will not lie when a § 120.68 appeal is available. We stated that petitions for extraordinary writs that state the date of final agency action and that are filed here or with the Commission, within 30 days of the final action, Fla.R.App.P. 9.110(c), would be treated as notices of appeal and the cause would be considered on its merits. If the inmate, whose petition for extraordinary writ was denied under Holman, shows that there has been final action and that he filed his petition within 30 days of that action, we permit an appeal to proceed.
In this case, while Kirsch alleges he has exhausted his administrative remedies, he does not allege he sought and received a § 947.173 review of the Commission action extending his PPRD 13 months. Further, he does not state the date of such final action. Therefore, we dismiss this petition for writ of habeas corpus, without prejudice to petitioner to file for rehearing and affirmatively show he has invoked the jurisdiction of this court by filing his petition within 30 days of the Commission action at his § 947.173 review.
MILLS, ERVIN and WIGGINTON, JJ., concur.
NOTES
[1] See Daizi v. Turner, ___ So.2d ___ (Fla. 4th DCA 1982) [1982 FLW 2523]; Taylor v. Wainwright, 418 So.2d 1095 (Fla. 5th DCA 1982); Lowe v. Florida Parole and Probation Commission, 416 So.2d 470 (Fla. 2d DCA 1982); Jenrette v. Wainwright, 410 So.2d 575 (Fla. 3d DCA 1982); Roberson v. Florida Parole and Probation Commission, 407 So.2d 1044 (Fla. 3d DCA 1981); and Hardy v. Greadington, 405 So.2d 768 (Fla. 5th DCA 1981). In Jenrette, supra, the Third District Court of Appeal granted habeas corpus, directing Wainwright to release the inmate from custody because his PPRD had been calculated in reliance on an uncounselled conviction. In Taylor, supra, the Fifth District Court of Appeal granted habeas corpus, "subject to the standard provisions of parole in such cases," because the Commission had placed petitioner's offense characteristic in a higher matrix time range than it should have been. In Daizi, the Fourth District also granted habeas corpus, subject to parole provisions. Based on its interpretation of § 947.165(1) and Rule 23-19.03 that the Commission may not use factors relied on in arriving at the salient factor score to aggravate the applicable matrix time range, the court invalidated an aggravation for a concurrent conviction, which the Commission was authorized to impose under Rule 23-19.01(5).
[2] See Ivory v. Wainwright, 393 So.2d 542, 544 (Fla. 1981); Moore v. Florida Parole and Probation Commission, 289 So.2d 719, 720 (Fla. 1974); Gobie v. Florida Parole and Probation Commission, 416 So.2d 838, 840 (Fla. 1st DCA 1982); Arnett v. State, 397 So.2d 330, 332 (Fla. 1st DCA 1981); Staton v. Wainwright, 665 F.2d 686, 687 (5th Cir.1982). See also Ch. 82-171, § 2, Laws of Florida.