424 So.2d 930 (1983)
John E. JACKSON, Appellant,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Appellee.
No. AL-291.
District Court of Appeal of Florida, First District.
January 4, 1983.
Steven L. Seliger, Quincy, for appellant.
Earl H. Archer, Asst. Gen. Counsel, Florida Parole and Probation Com'n, Tallahassee, for appellee.
PER CURIAM.
Jackson seeks judicial review of Florida Parole and Probation Commission (Commission) action affirming its extension of his presumptive parole release date (PPRD) 39 years. See Gobie, Jackson and Logan v. Florida Parole and Probation Commission, 416 So.2d 838 (Fla. 1st DCA 1982) (ordering the Commission to grant § 947.173 reviews to the three named petitioners). Pursuant to the authority vested in us by § 120.68(1), Fla. Stat. (1981), we vacate the aspect of the Commission order extending Jackson's PPRD to December 15, 2020, because the objective parole guidelines were not used in arriving at this date.[1] We further find that the Commission has not provided adequate record support for the reasons it gave in denying parole to Jackson and has not explained why some of *931 the reasons given are relevant to parole prognosis. We therefore remand this case to the Commission for reconsideration and clarification of its decision not to parole him.
Jackson, 64 years of age, is serving a life sentence for a second degree murder conviction from 1956. Upon enactment of the Objective Parole Guidelines Act, chapter 947 of the Florida Statutes, he was given a PPRD of September 26, 1980. This PPRD was vacated, due to an alleged escape in August, 1980. His new PPRD, in consideration of the nolle prossed escape charge, was established to be December 15, 1981. Jackson was interviewed on October 27, 1981, for purposes of authorizing his effective parole release date (EPRD). See § 947.174(6), Fla. Stat. (1981). However, by Commission action certified on December 11, 1981, his EPRD was not authorized and a new, extended PPRD of December 15, 2020, was established.[2]
Three factors justify changing a PPRD: new information, institutional conduct, and extraordinary circumstances. See §§ 947.16(4) and 947.173(3), Fla. Stat. (1981); McKahn v. Florida Parole and Probation Commission, 399 So.2d 476 (Fla. 1st DCA 1981). The Commission order indicates that it relies on new information as grounds for extending Jackson's PPRD 39 years. In fact, none of the reasons given are new information. Even the most recent escape charge was considered by the Commission when it extended his PPRD from September 26, 1980 to December 15, 1981.
We conclude that the Commission action extending Jackson's PPRD is outside the scope of the objective parole guidelines, in that it violates §§ 947.16(4) and 947.173(3). Jackson's PPRD of December 15, 2020, is therefore vacated. We find that his December 15, 1981, PPRD should remain his PPRD, even though he was not paroled on that date.[3]
We noted in Gobie, supra, that prior to actually paroling an inmate, the Commission is required to make a finding under § 947.18, Florida Statutes (1981),
that there is reasonable probability that, if [the inmate] is placed on parole, he will live and conduct himself as a respectable and law-abiding person and that his release will be compatible with his own welfare and the welfare of society.
*932 When the Commission is unable to make that finding, it should so state and give its reasons, as it has done in Jackson's case. Further, in order to aid a court in reviewing the Commission's decision for abuse of discretion, the Commission should provide record support. Cf. McKahn, supra, at 478. This it has not done. The rationale behind Gobie, supra, is that the inmate may challenge the factual basis for the Commission action, which Jackson has done. The Commission did not answer his challenges, but merely affirmed its action. Additionally, the Commission's answer brief fails to point out the relevant pages in the record that support its action here.
This court has carefully reviewed the record and found Jackson's factual arguments compelling.[4] Due to this finding, we will not affirm the Commission's action denying parole without receiving further explanation of how it arrived at its decision.
We therefore remand this case to the Commission for further consideration in light of Jackson's arguments and our findings from a complete review of the record before us. The Commission is directed to conduct another review of Jackson's case within 30 days from the date our mandate issues and report findings and action to this Court within 10 days thereafter.
MILLS, ERVIN and WIGGINTON, JJ., concur.
NOTES
[1] We do not believe that when a PPRD is found invalid, and a court finds that another PPRD, which has already passed, is in fact the valid PPRD, the result must be to order an inmate released on parole. The ultimate decision to parole an inmate lies within the sound discretion of the Commission. See Ivory v. Wainwright, 393 So.2d 542, 544 (Fla. 1981); Moore v. Florida Parole and Probation Commission, 289 So.2d 719, 720 (Fla. 1974); Gobie v. Florida Parole and Probation Commission, 416 So.2d 838 (Fla. 1st DCA 1982); Arnett v. State, 397 So.2d 330, 332 (Fla. 1st DCA 1981); and Staton v. Wainwright, 665 F.2d 686, 688 (5th Cir.1982). See also, Ch. 82-171, § 2, Laws of Fla.
[2] The Commission's order is set forth here:

II. COMMISSION ACTION:
The Commission has decided NOT to authorize your Effective Parole Release Date because:
A. New Information (see Rule 23-21.02(24)):
The Commission is unable to make a finding that there is reasonable probability that, if you are placed on parole, you will live and conduct yourself as a respectable and law-abiding citizen and that your release will be compatible with your own welfare and the welfare of society, as required by 947.18, Florida Statutes, for the following reasons:
1. You were paroled by this agency on two different occasions and did not successfully complete either period of supervision as evidenced by the Revocation Order dated January 13, 1969 and the Revocation Order dated October 29, 1973 (revocations reconfirmed by the Commission per Turner decision at the Commission meeting held November 25, 1981).
2. You escaped from custody as evidenced by your conviction and sentences on November 13, 1959, September 10, 1973 and August 16, 1976. Further, a recent Escape charge was Nolle Prossed against you in Osceola County on June 23, 1981; that escape occurring on August 1, 1980.
3. You have a long history of criminal activity dating back to 1934.
4. You have a record of assaultive behavior as evidenced by your conviction and sentence in 1956 for Second Degree Murder.
III. Extend the Presumptive Parole Release Date 39 years
[3] The December 15, 1981 PPRD should be reinstated. Although effectively this action makes Jackson an inmate without a meaningful PPRD, it appears to be the only action acceptable under the Objective Parole Guidelines Act. The Commission is still bound by § 947.174(1) to review Jackson's case biennially. The Commission would therefore have to consider him for parole at least biennially. The only other viable alternative we see is to extend the PPRD 2 years, to the biennial review; this however, is not contemplated by chapter 947 and since the Commission has not promulgated rules governing its use of § 947.18 and integrating that section with the rest of the Objective Parole Guidelines Act, we do not think any extension of the already passed PPRD is authorized.
[4] As to the first reason that two prior paroles have been revoked, Jackson points out that the most recent parole was almost ten years ago, which could be adequate time in which to rehabilitate himself. While prior record may be the best predictor of recidivism, § 947.002(2), Jackson's actions from over 10 years ago may not, without more, be indicative of his parole prognosis, in view of the rehabilitative function of prisons. It appears the parole system is based on the proposition that certain amounts of time must be spent in prison in order for an inmate to become able to live a respectable and law-abiding life outside prison.

Second, there is no explanation why convictions for escape are relevant to parole prognosis, as parole concerns one's ability to live a law-abiding life in society, while escape is a crime involving the prison. Two of the escape convictions occurred almost ten years ago and may not be relevant to present consideration of parole prognosis. Further, the Commission order indicates that one of Jackson's escapes occurred while he was on parole. Although the details of the most recent nolle prossed escape charge are not contained in the record, the August 16, 1976, escape is described. Jackson escaped from minimum custody at Union Correctional Institution in 1974 and proceeded to live an apparently law-abiding and respectable life in Gainesville, Florida, for the next two years. He worked steadily for a former employer and otherwise appears to have conducted his life in a responsible manner. This may be a consideration of positive parole prognosis, rather than a negative indicant.
Third, the record shows that Jackson has been crime free for about ten years and that all of his convictions, with the exception of his second degree murder conviction, have been relatively petty.
Finally, the only evidence in the entire record of Jackson's assaultive behavior is a document saying he pleaded guilty to second degree murder. His institutional conduct has been exemplary; the accounts of all his paroles, escapes and other crimes indicate that he is not an assaultive person whatsoever. It would appear that when the only evidence of assaultive behavior in an inmate's record is a 25-year old conviction, one could doubt whether this constitutes a record of assaultive behavior.