PER CURIAM.
In this administrative appeal, which is before this court for the third time,[1] Jackson contends that the Florida Parole and Probation Commission (Commission) erred in extending his presumptive parole release date (PPRD) by 39 years. We agree and reverse.
Jackson, now 64 years of age, received a life sentence for second degree murder in 1956, for which he has served some 25 years in prison. He was originally assigned a PPRD of September 26, 1980, based on the objective guidelines prescribed by statute in 1978. As a result of an alleged escape, which was nolle prossed, Jackson’s PPRD *1308 was extended to December 15, 1981. In October of 1981, Jackson was interviewed for purposes of establishing his effective parole release date (EPRD) and, as required by Section 947.174(5)(b), Florida Statutes (1981), his parole plan was approved. Having met all objective requisites for parole, Jackson should have then been paroled on December 15, 1981. Four days before that date, however, the Commission, relying on the limited discretion provided in Section 947.18, Florida Statutes (1981), refused to grant Jackson parole and, instead, extended his PPRD by 39 years.
In an opinion filed in this case on January 4, 1983, we held that the Commission may change a PPRD only upon a showing of new information, institutional conduct or extraordinary circumstances. Jackson v. Florida Parole and Probation Commission, 424 So.2d 930, 931 (Fla. 1st DCA 1983). If, as in this case, no such reasons are present to justify changing a PPRD, parole may only be denied if the Commission is unable to find that “there is reasonable probability that, if he is placed on parole, he will live and conduct himself as a respectable and law-abiding person and that his release will be compatible with his own welfare and the welfare of society.” Gobie v. Florida Parole and Probation Commission, 416 So.2d 838, 839 (Fla. 1st DCA 1982); Section 947.18, Florida Statutes (1981). In exercising the limited discretion thus remaining with the Commission subsequent to enactment of the Objective Parole Guidelines Act of 1978, the Commission may not act arbitrarily or capriciously. Rather, the Commission’s decision to deny parole by invoking section 947.18 will not be upheld unless the Commission “explicate[s] its reasons for its actions in a manner sufficient to permit judicial review for a determination of whether the Commission has overreached the legislative grant of discretion provided in the Objective Parole Guidelines Act.” Gobie at 840.
In our previous opinion entered in this case, we concluded that the Commission had failed to explicate its reasons for extending Jackson’s PPRD; we therefore remanded the case to the Commission for thirty days for further consideration of its decision with directions to report its findings to this court. We have now received the Commission’s response which we find to be no more compelling than its original explanation which we previously found insufficient. In fact, the Commission has done no more than reiterate the same reasons relied on originally to deny Jackson parole — other than the addition of only minor embellishments.
Because the Commission is apparently incapable of offering any reasonable basis for its conclusory statement that it is unable to find that there is a reasonable probability that, if Jackson is placed on parole, he will live and conduct himself as a respectable and law-abiding citizen and that his release will be incompatible with the welfare of either Jackson or society, we find the Commission’s actions in this case to be wholly arbitrary and capricious and to amount to an abuse of the discretion granted to it by the legislature.
Accordingly, the Commission’s order extending Jackson’s PPRD is VACATED and this cause is REMANDED to the Commission for purposes of establishing Jackson’s effective parole release date subject to the standard provisions of parole in such cases.
MILLS, ERVIN and WIGGINTON, JJ., concur.

. The original case of Jackson v. Florida Parole and Probation Commission was consolidated, along with two others, as Gobie v. Florida Parole and Probation Commission, 416 So.2d 838 (Fla. 1st DCA 1982), wherein we concluded that section 947.18, while providing the Commission with the ultimate discretion as to the granting of parole, does not provide the unbounded discretion wielded by the Commission prior to the enactment of the Objective Parole Guidelines Act of 1978. We then directed the Commission, which had summarily denied parole on the basis of section 947.18 to Jackson and the other petitioners in Gobie, to grant each petitioner a review pursuant to section 947.173. In Jackson’s case, the Commission granted such review but merely affirmed its prior decision. On review of that action, we vacated the Commission’s order insofar as it extended Jackson’s PPRD to December 15, 2020 and we remanded for reconsideration and clarification of the Commission’s decision to deny parole to Jackson. This case is before us once more subsequent to that remand.