PER CURIAM.
By order dated May 3, 1983, we temporarily relinquished jurisdiction to the Florida Parole and Probation Commission for the purpose of the Commission’s conducting another review in order to explain its reasons for denial of appellant’s parole and to report its findings and actions pursuant to such review to this court. On remand, the Commission reestablished appellant’s presumptive parole release date (PPRD) to be May 11,1982, and vacated its revised PPRD of May 13,1989. In doing so, the Commission, however, pursuant to the provisions of section 947.18, Florida Statutes, declined to set an effective parole release date for appellant due to his extensive prior criminal record. Nevertheless, as we stated in Jackson v. Florida Parole and Probation Commission, 424 So.2d 930, 931 (Fla. 1st DCA 1983), the limited discretion remaining with the Commission under the provisions of section 947.18 must be considered in pari mate-ria with other provisions of the Objective Parole Guidelines Act of 1978, permitting the Commission to change a PPRD only upon a showing of new information, institutional conduct or extraordinary circumstances. The Commission in the instant case, as in Jackson v. Florida Parole and Probation Commission, 429 So.2d 1306 (Fla. 1st DCA 1983), has done no more on remand than it did previously, by relying on the same information it had before it when it first established appellant’s PPRD as of May 11, 1982, and when it later revised the date as of May 13, 1989.
Accordingly, the special commission action taken on May 18, 1983, reestablishing appellant’s presumptive parole release date as of May 11, 1982, is affirmed. That portion of the order declining to set an effective parole release date is vacated and this cause is remanded to the Commission for the purpose of establishing appellant’s effective parole release date, subject to the standard provisions of parole in such cases.
ERVIN and WENTWORTH, JJ., concur.
NIMMONS, J., dissents.