NIMMONS, Judge,
dissenting.
I respectfully dissent. Section 947.18, Florida Statutes (1981), gives the Florida Parole and Probation Commission ultimate discretion in determining whether to parole an inmate. Before directing release thereunder, that section provides that the Commission must find that there is reasonable probability that the inmate “will live and conduct himself as a respectable and law-abiding person and that his release will be compatible with his own welfare and the welfare of society.” This inmate’s substantial criminal history of felony offenses, along with his previous violations of the conditions of his prior mandatory conditional release (MCR), as explicated by the Com *9 mission on remand, are such that I am unable to conclude that the Commission abused its discretion in concluding that the inmate does not qualify for release under the above-referred Section 947.18 criteria. See Gobie v. Florida Parole and Probation Commission, 416 So.2d 838 (Fla. 1st DCA 1982). The fact that this inmate’s criminal history and prior violations of MCR were considered in establishing his presumptive parole release date (PPRD) should not preclude the Commission from according heavy weight to such factors in exercising its discretionary authority under Section 947.18 in determining whether the inmate should be released on parole. I, therefore, dissent from the majority’s opinion requiring the Commission to set an effective parole release date for Paige.