PER CURIAM.
The Florida Parole and Probation Commission originally established a presump *521 tive parole release date (PPRD) for the petitioner of December 29, 1981. Utilizing section 947.18, Florida Statutes (1981), the Commission later extended the PPRD to January 3, 1995. Bruce’s request for administrative review was denied and the Commission readhered to its extended date. Being incarcerated in Dade County and claiming a right to immediate release, Bruce filed his petition for habeas corpus with this court, Jenrette v. Wainwright, 410 So.2d 575 (Fla. 3d DCA 1982), review denied, 419 So.2d 1201 (Fla.1982), alleging that the Commission improperly extended his presumptive date and refused to grant him an effective release date.
Some time after the petition was filed, the Commission reinstated Bruce’s original PPRD. Thus, the only issue which remains for our consideration is whether the Commission has improperly refused to convert Bruce’s PPRD to an effective parole release date (EPRD). Its refusal to do so was based upon section 947.18, Florida Statutes (1981). This statute has been interpreted by the First District as granting the Commission discretion to refuse to set an effective date, Jackson v. Florida Parole and Probation Commission, 424 So.2d 930 (Fla. 1st DCA), appeal after remand, 429 So.2d 1306 (Fla. 1st DCA 1983); Gobie v. Florida Parole and Probation Commission, 416 So.2d 838 (Fla. 1st DCA), pet. for rev. denied sub nom. Logan v. Florida Parole and Probation Commission, 424 So.2d 762 (Fla.1982), but such discretion is not unlimited. Rather,
the limited discretion remaining with the Commission under the provisions of section 947.18 must be considered in pari materia with other provisions of the Objective Parole Guidelines Act of 1978, permitting the Commission to change a PPRD only upon a showing of new information, institutional conduct or extraordinary circumstances.
Paige v. Florida Parole and Probation Commission, 434 So.2d 7, 8 (Fla. 1st DCA 1983).
In refusing to set an EPRD, the Commission in the instant case, as in Jackson and Paige, has relied on the same information it had before it when it originally established the PPRD and when it later revised the date. Because the Commission has done so, we conclude that it has abused its discretion.
Accordingly, the order refusing to convert the petitioner’s PPRD into an EPRD is vacated and the Commission is directed to discharge the petitioner subject to the standard provisions of parole in such cases.