462 So.2d 817 (1985)
FLORIDA PAROLE AND PROBATION COMMISSION, Petitioner,
v.
William H. PAIGE, Respondent.
No. 64144.
Supreme Court of Florida.
January 17, 1985.
*818 Enoch J. Whitney, Gen. Counsel, Florida Parole and Probation Com'n, Tallahassee, for petitioner.
Thomas B. Woodward of Lager, Woodward & O'Steen, Tallahassee, for respondent.
ALDERMAN, Justice.
The Florida Parole and Probation Commission seeks review of the decision of the district court of appeal directing that it establish an "effective parole release date" for Paige, a state prisoner. The decision is reported as Paige v. Florida Parole and Probation Commission, 434 So.2d 7 (Fla. 1st DCA 1983), and has been certified by the district court as having passed upon a question of great public importance.
Paige has an extensive prior criminal record and a history of escape and parole violations. He was interviewed by the parole authorities in December 1979, and was given a presumptive parole release date of May 11, 1982. After a biennial interview in January 1982, his presumptive parole release date was not changed. In March 1982, he was interviewed for the purpose of establishing an effective parole release date. The Commission, thereafter, pursuant to section 947.18, Florida Statutes (1981), changed Paige's presumptive parole release date to May 13, 1989. In support of its action, the Commission stated:
The Commission is unable to make a finding that there is reasonable probability that, if he is placed on parole, Inmate Paige will live and conduct himself as a respectable and lawabiding citizen and that his release will be compatible with his own welfare and the welfare of society as required by Florida Statutes 947.18, in that, Inmate Paige, 33 years of age, has consistently been arrested and convicted for auto theft, escape and breaking and entering; that is, 8/29/69, sentenced to 2 1/2 years for breaking and entering, escaped and received 3 months, escaped 2nd time and sentenced to 2 1/2 more years; 4/20/71 released on MCR, 6/2/72 MCR revoked, he had been sentenced to one year county jail for larceny of motor vehicle; 7/16/73 sentenced to 10 years for b & e witc felony; rape and assault wile felony, rape; 8/9/74, sentenced to 15 years for escape; 5/13/74, sentenced to 5 years for possession of stolen vehicle, he escaped from Niceville prison 3/4/74, stole a truck in Niceville and stopped by police in Pensacola and apprehended.
Upon review, the First District temporarily relinquished jurisdiction to the Commission and directed the Commission to conduct another review for purposes of adequately explaining the reasons for denying Paige's parole. On remand, the Commission reestablished Paige's presumptive parole release date to May 11, 1982, but declined to set an effective parole release date because it was unable to make a finding that there is reasonable probability *819 that, if he is placed on parole, he would live and conduct himself as a respectable and law-abiding person and that his release would be compatible with his welfare and the welfare of society.
The First District then affirmed the Commission's action of reestablishing Paige's presumptive parole release date as May 11, 1982. It, however, vacated that portion of the order declining to set an effective parole release date and remanded to the Commission to establish Paige's effective parole release date subject to the standard provisions of parole. The district court reasoned that the limited discretion remaining with the Commission, pursuant to section 947.18, must be considered in conjunction with the other provisions of the Objective Parole Guidelines Act of 1978, permitting the Commission to change a presumptive parole release date only upon a showing of new information, institutional conduct, or extraordinary circumstances. The district court found that the Commission initially had improperly revised this date to May 13, 1989, because, in doing so, it had relied on the same information which it had before it when it first established Paige's presumptive parole release date as May 11, 1982.
The district court certified the following question:
Whether the Commission may decline to authorize a recommended effective parole release date, and thereby deny parole, pursuant to § 947.18, Florida Statutes, solely upon the basis of information which was previously considered, or available for consideration, in setting the inmate's presumptive parole release date.
Under the facts of the present case, we hold that the Commission did not abuse its discretion pursuant to section 947.18 in declining to set an effective parole release date. Section 947.18 provides:
No person shall be placed on parole until and unless the commission shall find that there is a reasonable probability that, if he is placed on parole, he will live and conduct himself as a respectable and law-abiding person and that his release will be compatible with his own welfare and the welfare of society.
This provision, which was initially enacted in 1941 and became a part of the Objective Parole Guidelines Act in 1978, gives the Commission the ultimate discretion in deciding whether to parole. It expressly provides that no person shall be placed on parole until and unless the Commission can make the specific findings.
In 1978 the legislature adopted the Objective Parole Guidelines Act, chapter 78-417, Laws of Florida (1978), which revised the method utilized by the Florida Parole and Probation Commission in making parole decisions. This act established a structured parole review process based on objective criteria. This law requires that an inmate be interviewed within a specified time period depending on the length of the inmate's sentence. § 947.16. Based on this interview, a panel of commissioners must decide upon a presumptive parole release date which becomes binding upon the Commission in the sense that, once established, it is not to be changed except for reasons of institutional conduct, acquisition of new information not available at the time of the initial interview, or for good cause in exceptional circumstances. §§ 947.16(4), 947.173(3); Jackson v. Florida Parole and Probation Commission, 424 So.2d 930 (Fla. 1st DCA 1983). Placement of the inmate on parole on the date of his presumptive parole release date, however, is not automatic. Kirsch v. Greadington, 425 So.2d 153 (Fla. 1st DCA 1983). Prior to the arrival of this date, inmates are given a final interview and review in order to establish an effective release date after which the Commission must determine "whether or not to authorize the effective parole release date." § 947.174(6), Fla. Stat. (1981) (now § 947.1745, Fla. Stat. (1983)).
In analyzing the effect of these statutory changes, the First District Court of Appeal has said that
Florida's Objective Parole Guidelines Act has restricted the Commission's previously unbounded discretion in granting parole. The Objective Parole Guidelines Act's ultimate intent is to prevent arbitrary and capricious action by the Commission. § 947.002(1), Fla. Stat. (1981). *820 Section 947.165(1), Fla. Stat. (1981), requires the Commission to develop and implement objective guidelines "which shall be the criteria upon which parole decisions are made." However, neither the statutes nor the Commission's rules provide guidelines concerning the invocation of § 947.18 to refuse to authorize an EPRD. [effective parole release date] ... [I]n the future, the Commission should explicate its reasons for its actions in a manner sufficient to permit judicial review for a determination of whether the Commission has overreached the legislative grant of discretion provided in the Objective Parole Guidelines Act.
Gobie v. Florida Parole and Probation Commission, 416 So.2d 838, 840 (Fla. 1st DCA), review denied, 424 So.2d 762 (1982) (footnote omitted). The First District in Gobie emphasized that by retaining section 947.18 as a part of the Objective Parole Guidelines Act in 1978, the legislature reflected its intent to retain ultimate discretion in paroling an inmate with the Commission. The reasons for its exercise of discretion, the First District said, should be stated in a sufficient manner so that it could be determined whether the Commission abused its discretion.
In May v. Florida Parole and Probation Commission, 435 So.2d 834 (Fla. 1983), we emphasized that although the Commission is required by law to develop and has developed and implemented objective parole guidelines as criteria upon which to base its parole decisions, chapter 947 leaves the ultimate parole decision to the discretion of the Commission guided by its rules. We held that the adoption and implementation of objective parole guidelines did not render section 947.18 mere surplusage and said that "the use of the terms `guidelines' and `presumptive parole release date' clearly conveys the message that the final parole decision will depend upon the commission's finding that the prisoner meets the conditions provided in section 947.18." Id. at 837.
Although Paige's presumptive parole release date could not be modified absent new information or unfavorable institutional conduct, these strictures did not confine the Commission in properly exercising its discretion to determine that Paige did not meet the requirements of section 947.18. On the record before us, we find no abuse of discretion by the Commission in declining at this time to set an effective parole release date. The Commission has established rules to guide it in the exercise of this discretion. Consistent with the provisions precluding modification of Paige's presumptive parole release date because of the absence of new information or unfavorable institutional conduct, his presumptive date remains unchanged and he will be afforded biennial review to determine whether he can be found eligible for parole release. Fla. Admin. Code Rule 23-21.155.
We answer the certified question in the affirmative and hold that the Commission did not abuse its discretion in deciding that Paige does not qualify for parole at this time under the criteria established by section 947.18.
Accordingly, the decision of the district court, requiring the Commission to establish Paige's effective parole release date, is quashed.
It is so ordered.
ADKINS, OVERTON, McDONALD and EHRLICH, JJ., concur.
BOYD, C.J., dissents with an opinion, in which SHAW, J., concurs.
BOYD, Chief Justice, dissenting.
Mr. Paige's background is such that it is highly understandable that the Commission should not wish to grant him parole, especially in face of what appears to be a direct legislative mandate against it in section 947.18, Florida Statutes (1981). However, the issue presented to us is how section 947.18 can be construed in harmony with the other provisions of the Objective parole Guidelines Act, chapter 947, Florida Statutes (1981).
Chapter 947 was revised and amended with a view to avoiding arbitrariness and the appearance of arbitrariness in parole decision making by establishing objective criteria to govern the parole process. Ch. 78-417, § 1, Laws of Fla. Chapter 947 provides *821 a structured and systematic process for establishing a prisoner's entitlement to parole.
Chapter 947 contemplates that the criteria for parole will be clearly known not only to the Commission and its staff, to correction's officials, and to the courts, but also to the prisoner brought into the state prison system. Upon being brought into that system, the prisoner is made aware that eligibility for parole is contingent on certain specific criteria. He is in effect told that if he conducts himself acceptably, his eligibility for parole, once determined in accordance with objective criteria, will ripen into a sort of entitlement. The prisoner has a right to expect that the timetable of his eligibility, once established, will be followed strictly unless there is a compelling reason against doing so.
What, then, is the proper meaning and purpose of section 947.18 and how is it to operate? Section 947.18 is to be interpreted in light of the remainder of the Objective Parole Guidelines Act. See Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1980). I conclude that the legislative mandate of section 947.18 is to be given effect by taking it into consideration during the process of initially establishing a prisoner's presumptive parole release date. It is not intended to be used at the eleventh hour to frustrate the legitimate expectations of the prisoner.
I would answer the certified question in the negative in order to preclude arbitrariness in parole release decisions. I do not say that the Commission is completely forbidden to deny release on the scheduled release date but would hold that once the presumptive release date is set, it should be alterable only upon a showing of pertinent new information, information which was previously available but not considered, misconduct while in prison, or some truly compelling extraordinary circumstances. See Jackson v. Florida Parole and Probation Commission, 424 So.2d 930 (Fla. 1st DCA 1983). Without such a showing, a change in a presumptive parole release date, or declining to give it effect, should be deemed arbitrary because it is a departure from the regular processes contemplated by the Objective Parole Guidelines Act. See Jackson v. Florida Parole and Probation Commission, 429 So.2d 1306 (Fla. 1st DCA 1983).
In the present case the Commission declined to give effect to the presumptive parole release date. The ground for the decision was the prisoner's past record, showing him to be a poor parole risk. This information clearly was available to the Commission at the time the presumptive release date was established and subsequently when it was reaffirmed. Because the Commission has failed to show that its decision was based on previously overlooked information, pertinent new information not previously available, some misconduct of the prisoner during the instant incarceration, or some extraordinary circumstances, I find it has acted arbitrarily and would overturn its decision. For these reasons I would approve the decision of the district court of appeal.
SHAW, J., concurs.