## CUNARD v. FLORIDA PAROLE AND PROBATION COMMISSION

### Case No. 84-3016

Second Judicial Circuit, Leon County

February 20, 1985

### APPEARANCES OF COUNSEL

**Kenneth G. Oertel** for petitioner.

**Doris E. Jenkins,** Florida Parole and Probation Commission, for respondent.

## OPINION OF THE COURT

### ORDER ON REHEARING

P. KEVIN DAVEY, Circuit Judge.

This cause coming before the Court via temporary relinquishment of jurisdiction by the First District Court of Appeal and on the Motion for Rehearing filed by Respondent at this Court's request in view of the recent release by the Florida Supreme Court of its opinion in *Florida Parole and Probation Commission v. Paige,* — So.2d —, 10 FLW 57 (Fla. opinion filed January 17, 1985), and the Court having considered the motions, the opinion in *Paige,* the argument of respective counsel,

and the Court otherwise being fully advised finds that the Motion for Rehearing should be granted in order to consider the application of *Paige* and, therefore, the Court's Order dated January 21, 1985 should be and is hereby modified to include the following, which should be substituted for the decretal portion of said Order:

Recently, the Supreme Court has ruled that the Florida Parole and Probation Commission

"may decline to authorize a recommended EPRD, and thereby deny parole pursuant to Section 947.18, Florida Statutes solely upon the basis of information which was previously considered or available for consideration in setting the inmate's presumptive parole release date";

and that based on the record before the Court, the Commission did not abuse its discretion in deciding that Mr. Paige did not qualify for parole under criteria established by Section 947.18, Florida Statutes. *Paige*, at 58.

While *Paige* held that the Commission has the ultimate discretion to determine whether an inmate satisfies the criteria of Section 947.18, it further stands for the proposition that the Commission's discretion in this area is not unbridled. If the Commission abuses its discretion in deciding that an inmate should not be paroled, the jurisdiction of Florida's courts may be involved for remedy, (*Paige*, at 58).

The instant case, however, is distinguishable from *Paige*. In *Paige*, the inmate was denied parole pursuant to Section 947.18, Florida Statutes. Further, Mr. Paige had "an extensive prior criminal record and a history of escape and parole violations," *at 57*. In this case, Mr. Cunard was denied parole pursuant to Section 947.16(4), Florida Statutes; and with the exception of the crime for which he was imprisoned, had no prior or subsequent criminal history.

He has further attained an exceptional record while in prison, in sharp contrast to the dismal record of Mr. Paige. (See recitation on pp. 57-58 of *Paige* opinion.)

If Respondent had denied Petitioner parole on the basis of Florida Statute 947.18, the issue before this Court would be whether or not Respondent abused its discretion in making this determination. (*Paige*, at 58). However, as is clear from the record and reiterated by Respondent in its motion and oral argument on rehearing, the Commission Action in this case is grounded solely on an application of F.S. 947.16(4). Therefore, the *Paige* decision is not applicable.

Respondent asserts on rehearing that it could have elected to invoke

58

Section 947.18 and refused to parole Petitioner even in the absence of new information under the holding of *Paige.*

While the release of the opinion in *Paige* makes this assertion correct in retrospect, the commission in September of 1984, while it was awaiting the Supreme Court's decision in *Paige*, chose to base its decision on Section 947.16(4) rather than Section 947.18. The Commission improperly denied Petitioner release on the basis of no new information pursuant to F.S. 947.16(4) in September 1984 and may not now attempt to supplement the record with additional findings to buttress a reconsideration of its decision. Under proper application of the Statutory Objective Parole Guidelines, Petitioner Cunard was entitled to release as of September 11, 1984.

In the Court's previous order, Respondent was "commanded, subject to reasonable and customary terms and conditions of parole, to release Petitioner Joseph Cunard immediately." This language has the tenor of *habeas corpus* language rather than *mandamus* language. Currently, there is a split of authority between the several District Courts of Appeal as to whether *habeas corpus* or *mandamus* is the appropriate remedy to be afford an inmate who demonstrates entitlement to release.

The First and Fifth Districts have held that *mandamus* is the proper remedy, *Kirsch v. Greadington*, 425 So.2d 153 (Fla. 1st DCA 1983); *Pannier v. Wainwright*, 423 So.2d 533 (Fla. 5th DCA 1982); while the Third District has held that *habeas corpus* is proper, *Jenrette v. Wainwright*, 410 So.2d 575 (Fla. 3rd DCA 1982), cert. den. 419 So.2d 1201 (Fla. 1982). This question has been certified to the Florida Supreme Court by the Fourth District in *Florida Parole and Probation Commission v. Jones*, Case No. 84-1058 (10 FLW 188, January 16, 1985). Given this interdistrict split of authority and the First District's opinion in *Kirsch* which this Court finds persuasive, it is

ORDERED AND ADJUDGED that the Petition for Writ of Mandamus be and the same is hereby granted, and the Respondent, Florida Probation and Parole Commission be and the same is hereby commanded to exercise its discretion by proceeding with the release of Petitioner Joseph Cunard, subject to reasonable and customary terms and conditions of parole. In all other respects, the Court's previous Order and the findings therein are hereby confirmed and shall otherwise remain intact.

Editor's Note: This case has been appealed and is currently pending in the First District Court of Appeal.