FERGUSON, Judge.
Petitioner seeks a writ of habeas corpus directing the Florida Parole and Probation Commission [the commission] to honor her effective parole release date. We grant the relief requested.
Deborah Laverne Moore was convicted in 1982 for several crimes including grand theft, uttering a forged instrument, and aggravated assault. The sentence for at least one of the offenses was to run consecutive to a sentence imposed for one of the other offenses. Following her initial parole interview, petitioner was given a presumptive parole release date of January 11, 1985.[1] At a subsequent hearing, petitioner was granted an effective parole release date of January 8, 1985, contingent upon the development of a satisfactory release plan. Petitioner’s parole release plan was not found satisfactory, and her effective parole release date was re-established and set for March 5, 1985. On February 6, 1985, the parole release plan was found satisfactory and acceptable for the March 5, 1985, parole release date.
On March 1, 1985, four days prior to the effective parole release date, petitioner was informed that due to a new procedure for determining parole where consecutive sentences are involved, she would not be released on March 5, 1985. At a rescission hearing conducted on March 14, 1985, a hearing examiner found that because peti *883 tioner had not yet begun to serve one of the consecutive sentences imposed, she was ineligible for parole. An order of parole rescission was entered on April 3, 1985.
The commission’s decision to rescind petitioner’s effective parole release date of March 5, 1985, was based on a recent opinion of the Attorney General which became effective on February 13, 1985. That opinion, 1985 Op.Att’y.Gen.Fla. 85-11 (Feb. 13, 1985), reported in part at 10 F.L.W. 4, concludes that:
the Parole and Probation Commission cannot parole an inmate on a consecutive sentence which has never begun to have been served. To do otherwise would be to make that consecutive sentence meaningless.
The issue before us — which does not require passing on the correctness of the opinion — is whether that new interpretation was properly applied to rescind petitioner’s parole after the presumptive parole release date had become effective.[2]
Section 947.172(3), Florida Statutes (1983), provides that a presumptive parole release date “shall become binding on the commission when agreement on [a date] is reached.” The presumptive parole release date shall become the effective parole release date, if the inmate’s institutional conduct has been satisfactory, unless new information not available at the time of the effective parole release date interview is discovered. § 947.1745; see also Florida Parole and Probation Commission v. Paige, 462 So.2d 817 (Fla.1985).
In this case, the opinion of the Attorney General did not become effective until after petitioner’s effective parole release date was approved by the commission on February 6, 1985. This is not a case of new information as contemplated by section 947.1745, but of a new interpretation of a statute or rule which could have no effect on the parole release date that had become binding on the commission pursuant to the provisions of chapter 947.
Habeas corpus is GRANTED and the respondent is directed to release petitioner from custody.
SCHWARTZ, C.J., concurs.

. Chapter 947, Florida Statutes (1983), governs the granting of parole by the Florida Parole and Probation Commission.

. We have denied the commission's request to stay the instant proceedings pending the Florida Supreme Court’s disposition of Lowry v. Florida Parole and Probation Commission, Case No. 66,-773, which, allegedly, involves the same issue as that presented here.