LAWRENCE, Judge,
specially concurring.
I concur because I am bound by the doctrine of stare decisis. I feel in addition that the issue of public safety in paroling violent offenders[1] can be adequately addressed by the Parole Commission’s broader discretion in establishing an effective[2] parole release date. Florida Parole & Probation Comm’n v. Paige, 462 So.2d 817 (Fla.1985).

. Appellant was initially indicted for first-degree murder of his wife, but pleaded guilty to second-degree murder and was sentenced to 50 years of imprisonment in 1978. He escaped from prison in 1986, remaining at large for almost one year. He was paroled in 1990, and subsequently revoked for violation of his conditions of parole.

. Section 947.172, Florida Statutes (1991), governs the establishment of a presumptive parole release date; section 947.1745, Florida Statutes (1991), governs the establishment of an effective parole release date.