WARNER, J.
The Florida Parole Commission appeals an order of mandamus directing that re *690 spondent’s presumptive parole release date (“PPRD”) be reinstated and set in accordance with the report of the parole hearing examiner. The trial court found that the Commission improperly disregarded the findings of fact made by the hearing officer. It also found that the Commission could not modify a presumptive parole release date without findings of institutional conduct warranting a modification. Because the Commission was not bound by the recommendations of a hearing examiner, and it had full authority to suspend the PPRD, we reverse.
Respondent Chapman was convicted of second degree murder and sentenced to life in prison. He was later released on parole but violated his parole in 1998. The Parole Commission then revoked Chapman’s parole and set his PPRD for December 20, 2003.
On September 22, 2003, Chapman received his Effective Parole Release Date (“EPRD”) interview. Based upon this interview, as well as a review of his record, the parole examiner issued a recommendation that Chapman’s EPRD be established as December 16, 2003.
At a subsequent meeting of a panel of the Commission, it decided not to authorize the EPRD and referred Chapman’s case to the full Commission. After a full review of Chapman’s records, the facts of his murder conviction, and his entire criminal history, the Commission suspended his release on parole because it was unable to find that he would live as a law-abiding person and that his release would be compatible with his own welfare or that of society in general.
Chapman then filed a petition for writ of mandamus alleging that the Commission violated established principles of law by suspending his parole release date. He claimed that the Commission violated section 120.57(1)(Z ) of the Florida Administrative Procedure Act by rejecting and reweighing the hearing officer’s evidence to fit its own conclusions. He sought to reverse the suspension of his parole release date and to reinstate entry of the recommendation of the parole examiner.
Ultimately the trial court granted the petition, finding that the Commission had improperly rejected the findings of the hearing officer. It also found that the Commission did not have the authority to modify Chapman’s date without reasons of institutional conduct, acquisition of new information, or good cause in exceptional circumstances. Because none of those reasons were present on this record, the court ordered the parole examiner’s recommended release date to be reinstituted. The Parole Commission appeals this ruling.
While the trial court is generally correct that an agency may not reject the factual findings of a “hearing officer” except when they are not based upon competent substantial evidence, that rule has no application to the recommendations of a parole examiner for two reasons. First, section 120.57(1) (l), Florida Statutes, on which the trial court relied, applies to adversarial proceedings where all parties are provided with an opportunity to present evidence and engage in cross-examination. See § 120.57(l)(b), Fla. Stat. However, a hearing examiner conducts an interview with the inmate merely to establish an EPRD. See § 947.1745(1), Fla. Stat. Under the statutory procedure, the hearing officer does not conduct adversarial proceedings at which disputed issues of fact are determined. See also Fla. Admin. Code R. 23-21.015 (2003). Nothing in the administrative rules or in the statute binds the Commission to “findings of fact” or requires the parole examiner to make findings of fact. Therefore, the Commission is *691 not bound by any determinations of the parole examiner.
Second, the Commission suspended Chapman’s presumptive parole release date. It did not modify it. While section 947.16(5), Florida Statutes, bars the Commission from modifying a PPRD absent reasons of institutional conduct or the acquisition of new information, Florida Parole & Probation Commission v. Paige, 462 So.2d 817 (Fla.1985), expressly allows the Commission to decline to authorize an effective parole release date where the Commission fails to make a positive finding under section 947.18 that the inmate is suitable for parole.
For the foregoing reasons, we reverse the order of mandamus and direct that the petition be denied.
MAY, J., and SWEET, GARY L., Associate Judge, concur.